FILED
MAR 05 2018
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

Brenda Parker
    **Plaintiff**

Case No._____

Hon: _____

v.

**DEMAND FOR JURY TRIAL**

CAPITAL ONE AUTO FINANCE,
CAPITAL ONE, NA, ONYX ACCEPTANCE CORP.
ATTORNEY JAMES J. MORRISSEY, individually
ATTORNEY ANNA-KATRINA SARANTI CHRISTAKIS, individually
And other JOHN DOE DEFENDANTS to be named
    **Defendants**

**1:18-cv-0660 TWP-MJD**

<u>**COMPLAINT FOR DAMAGES FOR**
**WILLFUL DEPRIVATION OF RIGHTS and FRAUD UPON THE COURTS**</u>

Comes, Plaintiff, Brenda Parker, proceeding pro se in bringing this action against all the above-named Defendants.

Plaintiff state and alleges the following facts and claims for relief:

**JURISDICTION, PARTIES AND VENUE:**

1. Plaintiff, Brenda Parker is an individual who is now splitting place of residence and school within Marion County, Indiana and Danville, Illinois. Plaintiff submits to the jurisdiction of this Court.

2. Plaintiff Brenda Parker is a full-time, every day Christian who believes and live under the power that Jesus Christ is "the" Lord and Savior in all jurisdictions of all States and Courts. Plaintiff Parker shall in no way interfere with the "will" of "the" many.

1

3. All Defendants entered a civil conspiracy in the State of Indiana and all are equally liable for illegally conspiring to commit crimes against the Courts in the State of Indiana.

4. Jurisdiction is proper in this Court for willful violations of Federal law under 42 U.S.C. § 1983 28 U.S.C. § 1331 and 28 U.S.C. Section 1343(a)(4) Procedural Due Process protection and Fraud Upon the Courts. The actions of all Defendants are so closely related to willful violations of Constitutional laws to warrant filing for relief in a separate action in Federal Court to state Void a Judgment entered without subject matter or personal jurisdiction to do so in Marion County Superior Court, Indianapolis, Indiana.

5. Venue is proper in this Court under 42 U.S.C. § 1983, 28 U.S.C. § 1391, Fraud on the Court under FRCP 60(3)(b). A new action can be filed in any court to Void a Judgment obtained by Fraud on the Court. Also, Plaintiff files this action for Procedural Due Process violations, and Civil Conspiracy because this is the judicial district in which the unlawful and illegal acts of fraud upon the Superior Court of Marion County Indiana were perpetrated. All Defendants willfully deprived Plaintiff Parker of her Constitutional Rights to a fair and impartial trial and without any regards to Plaintiff's protection under Due Process of Law before an unbiased Judicial tribunal.

6. Defendant Attorney James J. Morrissey, is a licensed lawyer in Cook County, Illinois, who stated to be authorized to practice law in the State of Indiana.

2

Defendant is bound by the laws and statutes of the State of Indiana. Defendant falls under the jurisdiction of this Court.

7. Defendant Attorney Anna-Katrina Saranti Christakis, is a licensed lawyer from the Cook County, Illinois, stated to be authorized to practice law in the State of Indiana and Defendant is bound by the laws and statutes of the State of Indiana. Defendant falls under the jurisdiction of this Court.

8. Defendants Capital One, NA, Capital One Auto Finance and Onyx Acceptance Corporation, is a foreign corporation conducting business in the State of Indiana and they are subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS:

9. All Defendants are liable to Plaintiff Parker pursuant to FRCP 60(d)(3) and request the Judgment entered by Judge Ayers on February 28, 2017 be stated to be Void because of Fraud on the Court for attempts to validate a Judgment entered by a Court without subject matter or personal jurisdiction. (Plaintiff's Exhibits A-D).

10. Plaintiff Parker filed this action on January 22, 2016 in Marion County Superior Court of Indianapolis Indiana, reassigned case #49D04-1601-CT002531 after" Plaintiff Parker filed a Federal Civil Action against fewer than all Defendants in U.S. District Court of Southern District of Indiana, Case #1:15-cv-00826-JMS-TAB, filed on May 26, 2015. It was the U.S. District Court which declined supplemental jurisdiction over Plaintiff Parker's State law claims and informed Plaintiff to file for State law claims in State Court. Plaintiff thereby, filed this action in the Superior Court of Marion County on January 22, 2016, well after the federal action was already pending in Federal Court. Plaintiff was sent into "claim splitting doctrine: by the U.S. District Court.

11.

Plaintiff's Federal actions is now pending in the Seventh Circuit Court of Appeals under consolidation of 17-2123 and 17-3101, relating to fewer than all Defendants. It is Plaintiff's contention and belief that Judge Dreyer, Magistrate Judge Murphy and Judge Ayers all conspired with all named Defendants in this action and numerous other Officers of Court to systematically deprive Plaintiff Parker of relief and cause illegal actions and acts to transpire in several Courts of Law.

12. All Defendants have deliberately, with malice and wanton conduct interfered with matters resting upon the judicial integrity and the powers that be, to resolve disputes in a Court of Law by illegally perpetrating a fraud to thwart justice.

13. This matter involves the Fraud Upon the Court related to Plaintiff's State Law Claims which were declined by Federal Court of Plaintiff's Vehicle Sales Contract, for Plaintiff's 2006 Ford Explorer and the illegal repossession that took place on May 9-10, 2014, within the apartment complex Parker was residing at the time of the illegal repossession.

14. Plaintiff Parker provided documented evidence with her filed Civil Action in the above matter for which none of the documents were considered by all three of the Judges assigned to preside over this matter. Plaintiff Parker obtained copies from Digitized files at the Marion County Clerk's Office on February 27, 2018 to attach to this complaint.

15. The submitted evidence submitted by Plaintiff Parker was undisputed that Capital One, N.A., Capital One Auto Finance and Onyx Acceptance Corporation never had a legal right or claim as a Creditor upon Parker's 2006 Ford Explorer. (Exh. G-J).

16. Attached evidence supports the only creditor/debtor relationship in existence since 2007 on Parker's 2006 Ford Explorer was 1st Financial Services. (Exh. G-J)

4

17. No legal vehicle sales contract assignment exist with to Capital One Auto Finance or Capital One NA on Plaintiff Parker's 2006 Ford Explorer.

18. Plaintiff Parker has never laid eyes on Superior Court Judge Dreyer from the life of the Marion Superior Court civil action up to this filing. Plaintiff Parker became aware, when Plaintiff ordered the transcript from the Motion to Dismiss hearing that Judge Dreyer was not the Judge presiding at the hearing on May 13, 2016 but it was Magistrate Judge Murphy. Magistrate Murphy utilized the name plate of Judge Dreyer and presented himself to be Judge Dreyer, at all times during and after the hearing.

19. Plaintiff was blindly led to believe that Magistrate Murphy was Judge Dreyer, since the filing of this matter, up to January 2017, when Plaintiff retrieved the transcript of the Motion to Dismiss hearing held May 13, 2016, which is attached. The Transcript revealed that it was Magistrate Judge Murphy who presided over the Motion to Dismiss hearing and entered a Final Judgment.

20. All Defendants conspired in all the proceedings from filing dates through February 27, 2017, which led up to Plaintiff Parker filing this present action to make Void, the Void Judgment has caused a stain upon the judicial system by those who have utilized their publicly trusted position to entered Judgments which all were procured by fraud and usurpation of power.

21. Evidence within this action reveal all Defendants devised an unconscionable plan and a scheme used by the stated three Judges, all Defendants received favorable treatment and decisions, which improperly influenced the decision in the courts.

22. Illegal actions of all Defendants prevented Plaintiff Parker from fully presenting her case to full adjudication upon the merits based upon written documents submitted as evidence and the facts of the case in the Marion County Superior Court Civil Action.

23. The Superior Court, under Magistrate Judge Murphy lacked subject matter jurisdiction because the original order entered by Magistrate Judge Murphy, was entered by one with no authority to enter.

24. All Defendants knew that Magistrate Judge Murphy illegal presided over the above Defendants' Motion to Dismiss hearing which was held on May 13, 2016.

25. All Defendants joined the conspiracy willingly with Magistrate Judge Murphy, who filed his order, which was entered upon the CCS on June 20, 2016. The order entered June 20, 2016 was a cover-up order to hide the first order that was entered on May 13, 2016 by Judge Murphy, while pretending to be Judge Dreyer.

26. All Defendants knew a Magistrate Judge is prohibited from presiding over any matter for final adjudication, especially a Motion to Dismiss. Indiana Code 33-23-5-5.

27. All Defendants were aware and stayed silent on statutes of when a Magistrate Judge has been appointed to preside - over final appealable orders – is when the Magistrate Judge receives a pro tempore or as a special Judge assignment by a Superior Court Judge. Indiana Code 33-23-5-8 and 33-23-5-9(a).

28. All Defendants knew there was nothing entered upon the CCS which would grant Magistrate Judge Murphy the right to be sitting on the bench during a Motion to Dismiss hearing, which resulted in Plaintiff Parker's civil action being dismissed with prejudice.

29. All Defendants knew there was no assignment of Magistrate Murphy to sit by special permission on a Motion to Dismiss hearing. \

30. No entries were made upon the CCS that appointment was made. Nor is there any entries upon the CCS from Judge Dreyer that he accepted the recommendation of Magistrate Murphy as to the Final Order Entered to Dismiss Parker's civil action with prejudice because Magistrate Murphy was pretending to be Judge Dreyer at all times.

31. All Defendants knew there was no evidentiary hearing allowed by Judge Murphy, Judge Dreyer nor Judge Ayers, whereby documented evidence in the record was viewed and considered de novo or utilized by either Judge in Marion County Superior Court.

32. All Defendants relied upon the false statements of Magistrate Judge Murphy, who stated within the transcript, at the hearing that "he" would render his decision on the Motion to Dismiss soon. Magistrate Judge Murphy did not state, "I will submit this matter to Judge Dreyer for final approval of the recommendation of the Magistrate Judge Murphy.

33. Documented evidence within the record support all claims by Parker and are undisputable that all Defendants engaged in an illegal repossession and that Defendants created a fraudulent Vehicle Sales Contract, which illegally forged the signature of Plaintiff Parker upon it. Defendants then submitted the fraudulent documents to the State and Federal Court.

34. All Defendants knew that all Plaintiff's submitted request to remove Judge Dreyer and Judge Ayers was met with more negative forces, which derived from entries by the Indiana Supreme Court regarding Plaintiff Parker's Petitions to remove Magistrate Judge Murphy and Superior Court Judge Ayers through Court Administration procedures.

35. Plaintiff Parker's Demand for Jury Trial went ignored by the Marion County Superior Court Judges.

36. Defendants Capital One Auto Finance, Capital One Na and Onyx Acceptance Corp., did not appear at the Motion to Dismiss hearing but Defendant Morrissey appeared, as counsel for Capital One, et al behalf.

37. The same Defendants, as stated in #35, did not appear at Plaintiff Parker's Motion to Set Aside hearing held in Judge Ayer's Court. Judge Ayers allowed Defendant Morrissey to appear via telephone on behalf of Capital One, et al.

38. Plaintiff Parker had secured a Subpoena Duces Tecum upon Defendants in #35, to produce documents at the hearing and Magistrate Judge and Judge Ayers, allowed the subpoena duces tecum to be ignored. (P. Exh. E-F).

39. Defendants filed their dual Motion, two days before the hearing on their Motion to Dismiss, which was held on May 13, 2016. The Motion was not addressed at the hearing.

40. All Defendants were well aware that Plaintiff objected to the Motion to Dismiss hearing going forward at that time because Defendants failed to obey the Subpoena and bring a representative of Defendants, along with the subpoenaed documents to the hearing for review and copying under a lawfully issued Subpoena Duces Tecum.

41. Plaintiff Parker filed her Motion to Set Aside on October 27, 2016 the order of Magistrate Murphy/ Judge Dreyer's order entered June 20, 2016 and Other Relief. Judge Ayers held a hearing on said Motion on February 15, 2017 and filed her claimed Final Judgement and Decree on February 28, 2017 (P. Exh. A).

42. Plaintiff did not receive a copy of Judge Ayers' order entered February 28, 2017, until Plaintiff telephoned on March 16, 2017 to ascertain where a copy of the order was not mailed to Plaintiff.

8

43. The Clerk for Judge Ayers stated he did not know why the order was not mailed to Parker and he did in fact mail Plaintiff a copy of the Order on March 17, 2017, which Plaintiff did receive.

44. None of the Defendants made an appearance in Marion County Courts for the Marion County Court to have personal jurisdiction over them. Personal jurisdiction is a question of law.

45. Defendants Attorney Morrissey and Defendant Attorney Anna-Katrina Saranti Christakis, fabricated evidence, made false and misleading statements in a court of law that each of them knew to be false and misleading and continued with the fraud on the court from 2016 through February 27, 2017.

46. Numerous pleadings, motions and responses filed by Defendant Morrissey took place from 2016 through the last filing of Judge Ayers order on February 28, 2017 and all filings were laced with deliberate fraud and evidence of a civil conspiracy ongoing.

47. Defendant Attorney Morrissey and Defendant Christakis' misconduct in violations of their oath of office by receiving the fruits of their illegal labor, whereby Defendant's Motion to Dismiss was Granted with the aid of Judicial Officers of the Court from 2016 through February 27, 2017.

48. Defendants Morrissey and Christakis willfully and with wanton of care deprived Plaintiff Parker of protection under 42 U.S.C. Section 1983 by their Fraud on the Courts of Marion County Superior Courts from filings in 2016 through February 27, 2017.

49. Defendants Morrissey and Christakis violated many of Indiana Rules of Professional Code of Conduct, willfully and with intent to commit Fraud on the Court in the Marion County Superior Court from 2016 through February 27, 2017.

50. All Defendants submitted numerous fraudulent documents from 2016 through February 27, 2017 and also claimed, within one filing that Judge Jovan, was the judge who presided over the Motion to Dismiss hearing in Marion County Superior Court.

51. All Defendants attempted to and did sway Judge Ayers into believing that another Trial Judge presided over the hearing, until Plaintiff paid for and filed the Transcript from the hearing, which revealed it was Magistrate Judge Murphy who presided illegally over the Motion to Dismiss Hearing. (copy of transcript attached).

52. All Defendants benefited from the unlawful acts and actions of all Judicial Officers of the Court's egregious conduct which infringed upon the integrity of the judiciary. The fraud on the Court has affected the public's belief and Parker's belief and trust that the Courts are a well-oiled and monitored judicial machinery.

53. All Defendants knew and participated in events of Plaintiff Parker's filed Motion to Recuse Judge Ayers and it appears that Judge Ayers and all Defendants had a secret and private meeting upon this matter, for which Plaintiff Parker was not privy to.

54. All Defendants and Judge Ayers had a private adjudication, unknown to Plaintiff Parker, until it appeared upon the CCS that Judge Ayers presided over her own Motion to Recuse and did not seek to have the matter reassigned to another Judge for a decision on merits.

55. All Defendants benefited from Judge Ayers failure to address numerous Motions filed by Plaintiff; Motion for Extension of Time to Serve Defendants with Summons and Complaint, filed on May 9, 2016 is still pending. Plaintiff's Motion to Recuse Judge David J. Dreyer, filed on June 9, 2016 is still pending. Plaintiff was Granted Leave to File Amended Complaint and the Amended Complaint is still pending. Plaintiff filed a Motion to Supplement the Record on February 3, 2017 and it is still pending.

56. All Defendants benefited from Judge Ayers statements in open Court that Magistrate Murphy was appointed by Judge Dreyer to preside over the matter at the Motion to Dismiss hearing which was held May 13, 2016 but there is no such order filed on CCS.

57. All Defendants, with assistance of all three Judges in Marion County Superior Court, entered a civil conspiracy to swiftly enter final judgment in the above case to attempt to cause legal harm in the adjudication of Plaintiff Parker's Federal Civil action, which is on appeal and the Federal Action was pending since May 26, 2015.

58. All Defendants have claimed res judicata and comity throughout the entire civil action in Marion County Superior Court and U. S. District Federal Court, within their Motions to Dismiss and obtained judgment by fraud on the Court.

59. Plaintiff Parker did not appeal her cause of action in Marion County Superior Court's decisions to Indiana Appellate Court because of the fraud and lack of subject matter jurisdiction of Magistrate Judge Murphy and Superior Court Judge Ayers. See (P. Exh. K, transcript at Motion to Dismiss hearing before Magistrate Judge Murphy).

60. Plaintiff states, re-state and re-iterate 1-59 of this complaint as though fully stated, re-iterated, herein with facts, allegations and claims.

**COUNT 1**

61. **MAKE VOID THE JUDGMENT RECEIVED BY FRAUD ON THE COURT IN MARION COUNTY SUPERIOR COURT**

    All Defendants had systematically set in motion some unconscionable scheme from 2016 through February 27, 2017 with all their filings, with a calculated conspiracy to interfere with the judicial system's ability to impartially, adjudicate a mater by improper means and, influencing by trier of facts and unfairly hampering the presentation of Plaintiff Parker's claims.

62. Deliberate and intentional bias of the Marion County Superior Court from the date of filing in 2016 through February 27, 2017 was perpetrated against Plaintiff Parker to cause legal harm in Plaintiff Parker's first filed Federal Action against Capital One, NA, Capital One Auto Finance and Onyx Acceptance Corporation, which is now pending in Appellate Court.

63. Plaintiff Parker request the final Judgment entered by Judge Ayers on February 28, 2017 be stated to be Void for lack of subject matter and personal jurisdiction.

64. Each of the Defendants knew their actions were illegal when they formed the illegal enterprise and committed fraud on the Courts in Marion County Superior Court.

65. Capital One, NA, Capital One Auto Finance and Onyx Acceptance Corporation allowed their legal counsel Defendant Attorneys, to enter into an illegal agreement with the three presiding Judges to cause legal and financial harm to Plaintiff Parker, deliberately and with foreknowledge of the damage their fraud and bias would do.

66. As a direct and proximate result of All Defendants illegal actions to conspire with numerous Officers of the Court, each Defendant did cause irreparable harm to Plaintiff Parker by causing Plaintiff, mental and physical anguish, denial of majority of motions filed to cause financial and legal harm to Parker. All Defendants are indebted to Plaintiff Parker for a sum to be determined at trial.

**COUNT II:**

**WILLFUL AND WANTON CONDUCT TO DEPRIVE PLAINTIFF OF HER PROTECTED RIGHTS UNDER 42 U.S.C. § 1983 and DUE PROCESS OF LAW**

67. All Defendants with the aid of Judicial Personnel of the Marion County Courts aided Defendant Capital One, NA, Capital One Auto Finance and

Onyx Acceptance Corporation in receiving an illegal and void judgment from the fruits of their civil conspiracy perpetrated against the Courts and Plaintiff Parker.   42 U.S.C. § 1983 states:

68. Every person, who under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbus, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

69. Each Officer of the Court and all Defendants participated in the entire civil conspiracy and failed to adhere to laws while depriving Plaintiff Parker in her quest for justice from 2016 through February 27, 2017.

70. As a direct and approximate result of all Defendants wrongful acts, Plaintiff has sustained injuries and damages and is not limited to loss of vehicle, loss of job or judgment in a court of law but Plaintiff lost trust in the Judicial System, which is infected with corruption because of illegal acts of Officers of the Court.

71. Plaintiff has been denied protection under the Constitution of the United States by numerous Officers of the Court and All Defendants, when Plaintiff sought justice in a Court of law free from fraud, bias and corruption of all Defendants from 2016 through February 27, 2017.

72. All Defendants deprived Plaintiff Parker of a fair and impartial trier of facts in the Superior Court of Marion County, Indianapolis, Indiana.

73. All Defendants actions were deliberate, fraudulent and without regard to their legal and judicial duties as Officers of the Court and without regard to their duties to obey the Judicial Rules and Indiana's Professional Rules of Conduct, caused Plaintiff Parker legal and financial harm.

74. All Defendants illegal acts and actions were willful and malicious and done to cause Plaintiff economic, financial, emotional distress, pain and suffering and mental harm to deprive Plaintiff Parker of Judgment in her favor based upon the facts and evidence in the record.

75. Because of the fraud perpetrated by all Defendants and other Officers of the Court of Marion County Superior Court and possibly numerous lawyers guarding the gates of the Indiana Supreme Court, Plaintiff do not trust the judicial system will provide a clear path for Plaintiff Parker to file another action within any of Indiana State Courts.

76. Plaintiff has been illegally deprived of her vehicle, her right to a trial, her rights of Due Process before an impartial Judge and her trust in the legal system.

77. Plaintiff do not believe the Justices of the Indiana Supreme Court placed their eyes and ears upon any of Plaintiff Parker's filings to remove Judge Dreyer, who is now identified as Magistrate Judge Murphy or Judge Ayers.

78. Plaintiff believe lawyers guarded the gates and issued the Orders stating to be from the Indiana Supreme Court Justices. (P. Exh. N-O).

79. All Defendants are liable to Plaintiff Parker for the willfully and fraudulent participation in the civil conspiracy to deprive Plaintiff Parker of Justice. All Defendants are liable for an amount to be determined at trial.

80. Civil conspiracy is not a separate claim of recovery but there are aspects which make all Defendants liable under Federal civil conspiracy because all the Defendants conspired to infect the Indiana Courts with their fraud to receive favorable decisions based upon fraud on the Court.

81. When 2 or more persons, unlawful objective to be achieved, an agreement on the objective or means to achieve the objective, one or more overt acts, in furtherance of the conspiracy and a resulting injury or damages-a conspiracy has been commenced and ended.

82. From the beginning of Plaintiff's filed civil actions, all Defendants were aware of and participated in all the acts of the conspiracy, at all times and all Defendants were aware of the harm the civil conspiracy would cause Plaintiff and the Indiana Courts and they continued in their scheme to thwart justice.

83. Plaintiff states, restates and re-iterate 1-82 as though fully stated herein with facts, allegations and claims for relief.

84. **REQUEST FOR RELIEF:**

**WHEREFORE,** Plaintiff request the following relief:

a) The Judgment entered by Marion Superior Court by Judge Ayers be stated to be stated Void, and no force or effect be given the Void Judgement because the Magistrate Judge Murphy was not authorized under law to entered and he did not have subject matter jurisdiction to enter final orders. his illegal Judgment and Judge Ayers was without jurisdiction to enter her final Order on February 28, 2017.

b) Compensatory damages in an amount to be proved at trial, including Compensation for the emotional and physical toll of the abusive of the judicial system and depriving Plaintiff Parker of her rights to her property without being in front of any impartial Judges.

c) Exemplary damages;

d) Treble damages;

e) Nominal damages;

f) Punitive damages;

g) Litigation expenses and fees under the Equal Access to Justice Act

h) Prejudgment interest and

i) Any, other further relief as the Court deems for justice.

Respectfully submitted this 2nd day of March 2018

*Brenda Parker*
Brenda Parker, pro se
1389 W. 86th Street #177
Indianapolis, IN  46260
317-438-7843