UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRENDA PARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-00660-TWP-MJD |
| | ) |
| CAPITAL ONE AUTO FINANCE, | ) |
| CAPITAL ONE, NA, | ) |
| ONYX ACCEPTANCE CORP., | ) |
| JAMES J. MORRISSEY, | ) |
| ANNA-KATRINA SARANTI CHRISTAKIS, | ) |
| JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Filing Fee, Dismissing Complaint and Directing Further Proceedings**

This matter is before the Court on Plaintiff Brenda Parker's ("Parker") Motion for Leave to Proceed in *Forma Pauperis*, dkt. [2] and for screening of her Complaint for Damages for Willful Deprivation of Rights and Fraud upon the Courts, dkt [1].

**I. Filing Fee**

The plaintiff's motion for leave to proceed without prepaying fees or costs, dkt [2], is **granted** because the Court finds that the plaintiff does not have the assets or means to pay the filing fee.

**II. Screening of the Complaint**

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the Court's discretion.

*Denton v. Hernandez,* 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir.2010) (emphasis in original).

The underlying factual basis for this action allegedly began in May 2014, when the plaintiff's 2006 Ford Explorer was illegally repossessed. In response the plaintiff participated in legal proceedings challenging this repossession. The complaint alleges in pertinent part:

> 10. Plaintiff Parker filed this action on January 22, 2016 in Marion County Superior Court of Indianapolis Indiana, reassigned case #49D04-1601-CT002531 after" Plaintiff Parker filed a Federal Civil Action against fewer than all Defendants in U.S. District Court of Southern District of Indiana, Case #1:15-cv-00826-JMS-TAB, filed on May 26, 2015. It was the U.S. District Court which declined supplemental jurisdiction over Plaintiff Parker's State law claims and informed Plaintiff to file for State law claims in State Court. Plaintiff thereby, filed this action in the Superior Court of Marion County on January 22, 2016, well after the federal action was already pending in Federal Court.

Dkt. 1 at p. 3. The plaintiff further states that she has related claims pending in the Seventh Circuit Court of Appeals. The plaintiff asserts that "[a]ll Defendants conspired in all the proceedings from

filing dates through February 27, 2017, which led up to Plaintiff Parker filing this present action to make Void, the Void Judgment [that] has caused a stain upon the judicial system. . . ."

The underlying May 2014 repossession claim may not be brought in this action because it is barred by the statute of limitations. The complaint is brought pursuant to 42 U.S.C. § 1983. Suits under § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims. In Indiana, the applicable statute of limitations period is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34–11–2–4. This action was filed on March 5, 2018, more than three years after the expiration of Indiana's 2-year statute of limitations. "[D]ismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads [himself] out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (internal citations omitted); *see also Koch v. Gregory*, 536 Fed. Appx. 659 (7th Cir. 2013) (stating that when the language of the complaint plainly shows that the statute of limitations bars the suit, dismissal under § 1915A is appropriate); *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012).

In addition, this Court has no authority to dismiss, review, or otherwise interfere with the state court case that the plaintiff believes has been mismanaged. *See In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001) (observing that as a general matter, federal courts lack authority to "control or interfere with state court litigation"); *Lewis v. Anderson*, 308 F.3d 768, 771–72 (7th Cir. 2002) ("lower federal courts do not have jurisdiction to conduct direct review of state court decisions."). The *Rooker-Feldman* doctrine strips the district court of jurisdiction to involve itself in the plaintiff's attempt at an appeal of the state court decisions, notwithstanding her allegations that the state court's judgment runs afoul of the United States Constitution. *See Brokaw v. Weaver*, 305

F.3d 660, 664 (7th Cir. 2002)("Simply put, the *Rooker [v. Fidelity Trust Co.*, 263 U.S. 413 (1923)]-[*District of Columbia Court of Appeals v.] Feldman*[, 460 U.S. 462 (1983),] doctrine 'precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment.' Thus, if a claim is barred by the *Rooker-Feldman* doctrine, a federal court lacks subject matter jurisdiction over the case.") (internal citations and footnote omitted). Accordingly, claims based on decisions made by other courts and court proceedings are **dismissed for lack of jurisdiction.**

No viable claims over which this Court has jurisdiction have been identified. Accordingly, the Complaint is dismissed.

### III. Further Proceedings

The plaintiff shall have **through March 28, 2018,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date: 3/9/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BRENDA PARKER
1389 W. 86th Street
#177
Indianapolis, IN 46260