SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

Brenda Parker                                     Case No. 1:18-CV-00660-TWP-MJD
        **Plaintiff**


                                                  **DEMAND FOR JURY TRIAL**
                                                  **FIRST AMENDED COMPLAINT**

ATTORNEY JAMES J. MORRISSEY, individually
ATTORNEY ANNA-KATRINA SARANTI CHRISTAKIS, individually
Other JOHN DOE managers and officers, In Their Individual
Capacities, not yet named
        **Defendants**


## COMPLAINT FOR DAMAGES FOR
## WILLFUL DEPRIVATION OF RIGHTS and FRAUD UPON THE COURTS

Comes, Plaintiff, Brenda Parker, proceeding pro per in bringing this action

against all the above-named and not yet individually named Defendants.

Plaintiff state and alleges the following facts and claims for relief:

## JURISDICTION, PARTIES AND VENUE:

1.  Plaintiff, Brenda Parker is an individual who is now splitting place of

    residence and school within Marion County, Indiana and Danville, Illinois.

    Plaintiff submits to the jurisdiction of this Court.

2.  Plaintiff Brenda Parker is a full-time, every day Christian who believes and

    live under the power that Jesus Christ is "the" Lord and Savior in all

    jurisdictions of all States and Courts. Plaintiff Parker shall in no way

    interfere with the "will" of "the" many.

3. All Defendants entered a civil conspiracy in the State of Indiana and all are equally liable for illegally conspiring to commit crimes against the Courts in the State of Indiana.

4. Jurisdiction is proper in this Court for willful violations of Federal law under 42 U.S.C. § 1983 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(4), Procedural Due Process protection and Fraud Upon the Courts. The actions of all Defendants are so closely related to willful violations of Constitutional laws to warrant filing for relief in a separate action in Federal Court. Any state law violations are so closely linked with federal claims that filing in Federal Court is warranted. The amount of damages is well over $75,000.

5. Venue is proper in this Court under 42 U.S.C. § 1983, 28 U.S.C. § 1391. Fraud on the Court under FRCP 60(3) (b). A new action can be filed in any in "any" Court for Fraud on the Court, perpetrated by officers of the Court. Also, Plaintiff files this action for Procedural Due Process violations, Civil Conspiracy because this is the judicial district in which the unlawful and illegal acts of fraud were perpetrated. All Defendants, thru a civil conspiracy, willfully deprived Plaintiff Parker of her Constitutional Rights and to a fair and impartial treatment in a court of law.

6. Defendant Attorney James J. Morrissey, is a licensed lawyer in Cook County, Illinois, who stated to be authorized to practice law in the State of Indiana. Defendant is bound by the laws and statutes of the State of Indiana. Defendant falls under the jurisdiction of this Court.

7. Defendant Attorney Anna-Katrina Saranti Christakis, is a licensed lawyer from the Cook County, Illinois, stated to be authorized to practice law in the State of Indiana and Defendant is bound by the laws and statutes of the State of Indiana. Defendant falls under the jurisdiction of this Court.

8. Defendants, not yet named are employees of Capital One, et al and they committed crimes, outside of their employment, and upon and within Indiana Courts, which deprived Plaintiff of guaranteed rights of the U.S. Constitution and the Indiana Constitution. Each unnamed Defendant are subject to the jurisdiction of this Court under interstate commerce and contact with the State of Indiana.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS:

9. All Defendants are liable to Plaintiff Parker pursuant to FRCP 60(3) (b). Because all Defendants reached an agreement with Judicial Officers of Marion County Superior Courts to commit civil conspiracy against the State of Indiana Courts by committing fraud on the Court, with illegal and fraudulent filings and deliberately lying to the courts. (Plaintiff's Exhibits A-D).

10. Plaintiff Parker filed a civil action on January 22, 2016 in Marion County Superior Court of Indianapolis Indiana, under case #49D10-1601-CT-002531 and reassigned case to #49D04-1601-CT002531 " after" Plaintiff Parker filed a Federal Civil Action against other parties all Defendants are employed;- in U.S. District Court of Southern District of Indiana, Case #1:15-cv-00826-JMS-TAB, filed on May 26, 2015. It was the U.S. District Court which declined supplemental jurisdiction over Plaintiff Parker's State law claims and informed Plaintiff to file for State law claims in State Court. (P. Exhibit P).

3

11. Plaintiff filed this action in the Superior Court of Marion County on January 22, 2016, well after the federal action was already pending in Federal Court. Plaintiff was sent into "claim splitting doctrine: by the U.S. District Court.

12.

Plaintiff's Federal actions is now pending in the Seventh Circuit Court of Appeals under consolidation of 17-2123 and 17-3101, relating to "other" Defendants, not named in this action.

13. All Defendants have deliberately, with malice and wanton conduct interfered with matters resting upon the judicial integrity and the powers that be, to resolve disputes in a Court of Law by illegally perpetrating a fraud to thwart justice.

14. Defendants perpetrated a fraud between all members of the illegal enterprise by falsifying a Vehicle Sales Contract and then filing it in a Court Action.

15. Defendants willfully and wanton of care, willingly conspired with three Judges of Marion County Superior Courts and lied to the Courts with the assistance of Judicial Officers of the Court.

16. Unnamed Defendants utilized fraudulent information and altered the information for submission into the Courts, while knowing they were commiting a crime. See (Exh. G-J).

17. Attached evidence supports the only creditor/debtor relationship in existence since 2007 on Parker's 2006 Ford Explorer was 1st Financial Services. See (P. Exh. G-J).

18. All Defendants falsified and misrepresented facts and legal standing of a vehicle sales contract to the Courts for Plaintiff's 2006 Ford Explorer.

19. All Defendants perpetrated a fraud by a civil conspiracy with willing participation of Judicial Officers who aided them at a hearing held in Marion County Superior Courts on May 13, 2016.

4

20. All Defendants conspired and completed their illegal scheme against the Indiana Superior Court to deprive Parker of the protection of her Constitutional Rights up through 2017.

21. All Defendants devised an unconscionable plan and a scheme with Judge Dreyer, Magistrate Judge Murphy and Superior Court Judge Ayers to deprive Parker of protection of self and property under the Constitution of the United States. All Defendants received favorable treatment and decisions, which improperly influenced the decision by Judicial officers involved in the perpetrated fraud on the Courts.

22. All Defendants joined the conspiracy willingly with Judicial Officers of Marion County Superior Court, without regard to the integrity of the Court and the damage their illegal acts and actions would do.

23. All Defendants agreed and aided a Magistrate Judge to preside over any matter for final adjudication of a Motion to Dismiss under Indiana Code 33-23-5-5.

24. All Defendants were aware and stayed silent on corrupt and organized conspiracy to commit fraud upon the Court from 2016-2017.

25. All Defendants relied upon the false statements of Magistrate Judge Murphy, at the hearing held March 13, 2016 that the statements were false and were made with intention of committing fraud on the Court.

26. All Defendants ignored the legal authority of a Subpoena Duces Tecum legally served upon them for a hearing held May 13, 2016. (P. Exh. E-F).

27. All Defendants recruited other Officers of the Court to actively participate in the illegal enterprise by illegal means of blocking Plaintiff from access to the Courts to receive justice. See Judgment and Decree on February 28, 2017 (P. Exh. A).

5

28. Defendant Attorney Morrissey and Defendant Attorney Anna-Katrina Saranti Christakis, fabricated evidence, made false and misleading statements in a court of law that each of them knew to be false and misleading and continued with the fraud on the court from 2016 through February 27, 2017.

29. Numerous pleadings, motions and responses filed by Defendant Morrissey took place from 2016 through the last filing of Judge Ayers order on February 28, 2017 and all filings were laced with deliberate fraud and evidence of a civil conspiracy ongoing.

30. Defendant Attorney Morrissey and Defendant Christakis' misconduct in violations of their oath of office by receiving the fruits of their illegal labor from 2016 through February 27, 2017.

31. Defendants Morrissey and Christakis willfully and with wanton of care deprived Plaintiff Parker of protection under 42 U.S.C. Section 1983 by their Fraud on the Courts of Marion County Superior Courts from filings in 2016 through February 27, 2017.

32. Defendants Morrissey and Christakis violated many of Indiana Rules of Professional Code of Conduct, willfully and with intent to commit Fraud on the Court in the Marion County Superior Court from 2016 through February 27, 2017.

33. All Defendants submitted numerous fraudulent documents from 2016 through February 27, 2017 to illegally sway the decisions in their favor.

34. All Defendants did sway a final Judicial Officer to participate in the fraud on the Court by an illegal secret agreement to commit the fraud on the court by illegal acts and actions. See copy of transcript attached).

35. All Defendants benefited from the unlawful acts and actions of all Judicial Officers of the Court's egregious conduct which infringed upon the integrity of the judiciary.

36. The fraud perpetrated by all Defendants has affected the public's belief and Parker's belief and trust that the Courts are a well-oiled and monitored judicial machinery.

37. All Defendants, with assistance of three Judges in Marion County Superior Court, entered a civil conspiracy to swiftly enter final judgment in a legal matter to cause legal harm in the adjudication of another legal matter of Plaintiff Parker.

38. Plaintiff newly states, re-state and re-iterate 1-37 of this complaint as though fully stated, re-iterated, herein with facts, allegations and claims.

## COUNT I

39. **FRAUD ON THE COURT IN MARION COUNTY SUPERIOR COURT**

All Defendants had systematically set in motion some unconscionable scheme from 2016 through February 27, 2017 with all their filings, with a calculated conspiracy to interfere with the judicial system's ability to impartially, adjudicate a matter by improper means.

40. All Defendants deliberately and with intentional bias in Marion County Superior Court from the date of filing in 2016 through February 27, 2017 did perpetrate a civil conspiracy to deprive Plaintiff of protection under the U.S. Constitution and Indiana Constitution.

41. Each of the Defendants knew their actions were illegal when they formed the illegal enterprise and committed fraud on the Courts in Marion County Superior Court.

42. All unnamed Defendants went outside of their employment and participated in an illegal scheme to commit fraud on the courts with the two named Defendant attorneys.

43. As a direct and proximate result of All Defendants illegal actions to conspire with numerous Officers of the Court, each Defendant did cause irreparable harm to Plaintiff Parker by causing Plaintiff, mental and physical anguish, denial of due process, denial of

property and denial of liberties and choice of life to deliberately, with malice, cause harm

to Plaintiff.

44. Plaintiff has been damaged in her life and upon her person in amount to be determined at

trial.

45. Plaintiff newly states, re-state and re-iterate 1-44 of this complaint as though

fully stated, re-iterated, herein with facts, allegations and claims.

46.

## COUNT II:

## WILLFUL AND WANTON CONDUCT TO DEPRIVE PLAINTIFF OF HER PROTECTED RIGHTS UNDER 42 U.S.C. § 1983 and DUE PROCESS OF LAW

47. All Defendants with the aid of Judicial Personnel of the Marion County

Courts benefited from the fruits of their civil conspiracy perpetrated against

the Courts and Plaintiff Parker for violations under **42 U.S.C. § 1983 states:**

48.         Every person, who under color of any statute, ordinance, regulation,

custom or usage, of any State or Territory or the District of Columbus,

subjects or causes to be subjected, any citizen of the United States or other

person within the jurisdiction thereof to the deprivation of any rights,

privileges or immunities secured by the Constitution and laws, shall be liable

to the party injured in an action at law, suit in equity or other proper

proceeding for redress. Private parties are now liable under 42 U.S.C. § 1983.

49. Each Officer of the Court and all Defendants participated in the entire civil conspiracy and failed to adhere to laws while depriving Plaintiff Parker in her quest for justice from 2016 through February 27, 2017.

50. As a direct and approximate result of all Defendants wrongful acts, Plaintiff has sustained injuries and damages and is not limited to loss of vehicle, loss of job or judgment in a court of law but Plaintiff lost trust in the Judicial System, which is infected with corruption because of illegal acts of Officers of the Court.

**COUNT III: DEPRIVED OF DUE PROCESS OF LAW**

51. Plaintiff has been denied protection under the Constitution of the United States by numerous Officers of the Court and All Defendants.

52. When Plaintiff sought justice in a Court of law free from fraud, bias and corruption, all Defendants willfully and with malice illegal blocked Plaintiff from fair access to justice from 2016 through February 27, 2017, in Marion County Superior Court.

53. All Defendants deprived Plaintiff Parker of a fair and impartial trier of facts in the Superior Court of Marion County, Indianapolis, Indiana.

54. All Defendants actions were deliberate, fraudulent and without regard to their legal and judicial duties as Officers of the Court.

55. All Defendants with malice, ignored their duties to obey the Judicial Rules and Indiana's Professional Rules of Conduct, caused Plaintiff Parker legal and financial harm on purpose for their illegal purpose.

56. Plaintiff believe all Defendants and other officers of the court manipulated the circumstances in the review of legal matters in the Indiana Supreme Court on purpose for their illegal purpose. (P. Exh. N-O).

57. Because of all Defendants illegal acts and failure to act, all Defendants are liable to Plaintiff in an amount to be determined at trial for the direct and proximate cause for injuries to Plaintiff, physical, mentally, financially, economically and legally.

**COUNT IV: CIVIL CONSPIRACY**

58. Civil conspiracy is not a separate claim of recovery but there are aspects which make all Defendants liable under Federal civil conspiracy because all the Defendants conspired to infect the Indiana Courts with their fraud to receive favorable decisions for companies they are affiliated, based upon fraud on the Court.

59. When 2 or more persons, unlawful objective to be achieved, an agreement on the objective or means to achieve the objective, one or more overt acts, in furtherance of the conspiracy and a resulting injury or damages-a conspiracy has been commenced and ended, all Defendants willfully participated.

60. From the beginning of Plaintiff's filed civil actions in 2016, all Defendants were aware of and participated in all the acts of the conspiracy, at all times and all Defendants were aware of the harm the civil conspiracy would cause Plaintiff and the Indiana Courts and they continued in their scheme to thwart justice.

61. Because Plaintiff has been damaged in her person, her life and her property, all Defendants are liable and responsible for the proximate cause of Plaintiff's injuries and are liable to Plaintiff in amount to be determined at trial.

62. Plaintiff newly states, restates and re-iterate 1-61 as though fully stated herein with facts, allegations and claims for relief.

63. **REQUEST FOR RELIEF:**

**WHEREFORE,** Plaintiff request the following relief:

a) Compensatory damages in an amount to be proved at trial, including Compensation for the emotional and physical toll of the abusive of the judicial system and depriving Plaintiff Parker of her Constitutional Rights of fair and impartial treatment without offenses of a civil conspiracy perpetrated against Parker and upon the Courts;

b) Exemplary damages;

c) Treble damages;

d) Nominal damages;

e) Punitive damages;

f) Litigation expenses and fees under the Equal Access to Justice Act

g) Prejudgment interest and

h) Any, other further relief as the Court deems as justice.

Respectfully submitted this 28th of March 2018

Brenda Parker, pro se
1389 W. 86th Street #177
Indianapolis, IN  46260
317-438-7843