## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

BRENDA PARKER                                    Case No._____
      **Plaintiff**
                                      Hon: _____

v.

CAPITAL ONE, AUTO FINANCE,
CAPITAL ONE, NA, ONYX ACCEPTANCE CORP.
ATTORNEY JAMES J. MORRISSEY, individually
ATTORNEY ANNA-KATRINA SARANTI CHRISTAKIS, individually
And other JOHN DOE DEFENDANTS, Individually, to be named
      **Defendants**

## EXHIBIT LIST

A       Judge Ayer's Ordered filed 2-28-17

B       Plaintiff Parker's Motion to Set Aside Judge Dreyer's Order

C       Magistrate Judge Murphy's Order entered as he pretended to be
            Superior Court Judge Dreyer

D       Jacket Entry of Magistrate Judge Murphy

E       Plaintiff's ignored Subpoena Duces Tecum

F       Indiana Statute on Rule 12 motions

G       Parker's Vehicle Sales Contract

H       Parker's legal Lien Holder 1st Financial Service & Automotive Sales

I       Defendants' fraudulent Vehicle Sale Contract submitted to the Courts.

J       Parker's Georgia Vehicle Registration for 2006 Ford Explorer

K       Copy of Transcript from hearing held in Superior Court for Judge Ayers

L       Note from Court Reporter for Magistrate Judge Murphy

M      Decision from Indiana Supreme Court

N      Decision from Administrative Office of Indiana

O      Decision from Administrative Office of Indiana

P      U.S. District Entry Discussing Complaint Screening

| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, COURTROOM 4 |
| COUNTY OF MARION | ) | CAUSE NO. 49D04-1601-CT-002531 |

BRENDA PARKER,                          )
     Plaintiff,                          )
                             )
     v.                          )
                              )
CAPITAL ONE AUTO FINANCE, et al.,       )
     Defendants.                          )

FILED

FEB 27 2017        112

*Myla A. Eldridge*
CLERK OF THE MARION CIRCUIT COURT

## ORDER ON PLAINTIFF'S MOTION
## TO SET ASIDE JUDGE DREYER'S ORDER

    This matter is before the Court on Plaintiff's Motion to Set Aside Judge Dreyer's

Order Claimed Entered May 13, 2016 and Entered June 20, 2016 and Other Relief

("Motion") which was filed on October 27, 2016. Defendant, Capital One Auto Finance

and Onyx Acceptance appeared by Attorney James Morrissey who opposed the Motion.

and filed Defendant's Response to Plaintiff's Motion for Relief from Judgment on

November 11, 2016. Plaintiff appeared *pro se.*

    The motion was heard on February 15, 2017. The Court having considered the

arguments of both parties and having been duly advised in the premise now finds that the

Defendants are correct, and therefore, the Court denies the Plaintiff's Motion to Set Aside

Judge Dreyer's Order Dismissing Case with Prejudice and Other Relief.

## INTRODUCTION

    The Plaintiff in this matter filed her original Complaint on January 22, 2016 as a result

of her vehicle having been repossessed. In her original case, asserted claims for theft,

fraud, conversion, and breach of the peace against several defendants. In February of

1

A

2016, the Defendants filed a Motion to Dismiss the Plaintiff's case with prejudice, which was later granted. Plaintiff attempted to recuse Judge Dreyer on June 9, 2016. No ruling on that motion was entered and, thereafter, on August 16, 2016, Plaintiff filed a Motion to Withdraw Submission of Two Motions from Judge David J. Dreyer and also a Subpoena Duces Tecum.  An Order Appointing Special Judge and Directing Filing of Report under Trial Rule 53.1(f) was entered on September 22, 2016. The Plaintiff did not appeal the original dismissal, but now asks this Court for relief from judgment under Indiana's Rule of Trial Procedure 60(B).

### CONCLUSIONS OF LAW

Any Conclusion of Law below that is more appropriately denominated as a Finding of Fact is hereby incorporated as a Finding of Fact and vice versa.

### Fraud

The Plaintiff brings her request for relief from judgment under Indiana's Rules of Trial Procedure 60 (B) (3), (6), and (8), claiming that fraud, bias, and unethical behavior was perpetrated and carried out by Judge Dreyer. The Plaintiff filed a Motion to Recuse Judge David J. Dreyer on June 9, 2016. In her Motion, the Plaintiff alleged that Judge Dreyer conspired with the Defendants and their counsel, that he was biased, and that he abused his position as a Judge.

To establish a claim for fraud under Rule 60 (B), the movant must show: (1) an unconscionable plan or scheme was used; (2) this plan or scheme improperly influenced the court's decision; (3) such acts prevented the losing party from fully and fairly presenting its case; and (4) the movant has a meritorious claim. *State Farm Fire & Cas. Co. v. Radcliff,* 18 N.E.3d 1006, 1013 (Ind. Ct. App. 1981).

### Fraud, Bias and Unethical Behavior

Further, the Plaintiff alleged that Magistrate Patrick Murphy, who presided over the hearing in Judge Dreyer's court on May 13, 2016, did so without proper authority. During the February 15, 2017 hearing, the Plaintiff alleged that Magistrate Murphy because of his designation, he did not have the judicial power to preside over a dispositive motion in a civil case. However, that argument is invalid because Magistrate Murphy was duly empowered to render a decision in the matter. By law, he had the appropriate judicial authority to hear the case and his order was reviewed and approved by the sitting judge. Therefore, there was no fraudulent activity committed when Magistrate Murphy decided the motion to dismiss. Plaintiff had full opportunity to present her claims and make her arguments, on her day in court, despite the fact that the hearing was presided over by a magistrate instead of the sitting judge.

The Plaintiff further alleged personal bias and unethical behavior against her by Judge Dreyer. However, she failed to explain how bias and ethical violations were demonstrated regarding her case. Plaintiff was unable to provide any credible instance of prejudice against her or her case. No evidence of bias, conspiracy, or abuse of authority was presented at the hearing on her motion to set aside the dismissal nor was there evidence presented that she originally had a meritorious claim. Therefore, Plaintiff has failed to satisfy the necessary elements needed to meet her burden of proof.

### Conclusion

Wherefore, for the reasons stated above, the Court has determined that there were no fraud, conspiracy, or ethical violations committed or perpetuated onto the Plaintiff by

either the Defendants or by the Court. Therefore, Plaintiff is not entitled to relief and her motion must be denied.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the Defendant's Motion to Dismiss with prejudice entered by Magistrate Murphy and confirmed by Judge David Dreyer is affirmed. Plaintiffs' Motion for Relief from Judgment is, therefore, denied. This is a final appealable Order.

**ALL OF WHICH IS ORDERED, ADJUDGED AND DECREED** this _27_ day of **February, 2017**.

Honorable Cynthia J. Ayers
Judge, Marion Superior Court Civil
Division, Room IV

Distribution:

Brenda Parker
1427 West 86th Street, Apt. 609
Indianapolis, Indiana 46260

James J. Morrissey
PILGRIM CHRISTAKIS LLP
321 North Clark Street, 26th Floor
Chicago, Illinois 60654

4

STATE OF INDIANA               ) COUNTY OF MARION
                               ) IN THE SUPERIOR COURT, CIVIL DIVISION
                               )
BRENDA PARKER                  ) CASE: 49D04-1601-CT-002531
        Plaintiff              )                              **FILED**
v.                             )
CAPITAL ONE AUTO FINANCE, et al )                        OCT 2 7 2016    (100)
        Defendants             )

                                                   *Mylan a. Eldridge*
                                                   CLERK OF THE MARION CIRCUIT COURT

## PLAINTIFF'S
## MOTION TO SET ASIDE JUDGE DREYER'S ORDER
## CLAIMED ENTERED MAY 13, 2016 AND ENTERED JUNE 20, 2016
## And OTHER RELIEF

Comes now Plaintiff Parker and request the newly assigned Special, Honorable Judge

Ayers to Set Aside Judge Dreyer's illegal and fraudulent orders claimed entered May 13, 2016,

which was the date of the hearing on Defendants' Motion to Dismiss. And, the CCS entered

order on June 20, 2016, which stated Order Dismissing Case with Prejudice, date entered June

20, 2016. Pursuant to TR 60 (B) (3), (6) and (8), Plaintiff request this Court Set Aside Judge

Dreyer's entered orders based upon fraud upon the Court, bias against Plaintiff Parker and

deliberate interference with a Subpoena served on Defendants. Copy of Orders entered by Judge

Dreyer hereto attached as (Plaintiff's Exhibit A, doc.2).

Plaintiff Parker filed a Motion to Recuse Judge Dreyer on June 9, 2016. This motion was

not entered onto the CCS until June 14, 2016. Within this Motion, which is still pending to reveal

fraud, bias and unethical behavior of Judge Dreyer, Plaintiff has presented documented evidence

of bias and fraud perpetrated and carried out by Judge Dreyer. Judge Dreyer committed fraud

upon the Court, by attempting to back date his Order to May 13, 2016. Judge Dreyer also ignored

Plaintiff Parker's filing of Motion for Leave to Amend Complaint with a copy of Plaintiff

Parker's Amended Complaint filed within ten (10) days of Judge Dreyer's claimed entered order

OCT 3 1 2016

A

on May 13, 2016, which is evidenced to be a "jacket entry" (see P. Exh. A. doc.2). TR 12(B) unde (8).

Plaintiff Parker filed her Amended Complaint again, within ten (10) days of Judge Dreyer's entry of Order Dismissing Case. Plaintiff Parker's second Amended Complaint was filed July 5, 2016, which was the next day that the Court was open, after the 4th of July Holiday on July 4, 2016. Said filing was within ten (10) days of Judge Dreyer's Order entered on June 20, 2016, counting ten days, plus three days for mailing for a party to respond. (TR 6 (E). Each filing of Plaintiff's Amended Complaint was completed within ten (10) days of Judge Dreyer's claimed entry dates of his orders of Dismissal with Prejudice and the actual date of June 20, 2016 when the order was entered onto the CCS. Plaintiff Parker's Amended Complaint also attached copies of legal documents, which prove all of Plaintiff Parker's claims.

In order to defeat a Motion to Dismiss, especially a Motion to Dismiss with Prejudice, a party must file an Amended Complaint, pursuant to: TR 12(B) under (8), TR 15 (A), (B), (C). Plaintiff Parker did in fact file her Amended Complaint, which is still pending and requiring an order of this Court, ordering Defendants to answer the complaint.

This Court was assigned as a Special Judge, by the Indiana Supreme Court to resolve all matters still pending and to proceed with the legal adjudication of the above matter. Judge Dreyer aided and abated the Defendants and their counsel to commit fraud on the Court and against Plaintiff Parker deliberately with premeditated intent to cause legal harm to Plaintiff Parker. Judge Dreyer deliberately and with malice, abused his discretion to commit the fraud based upon his position as a Judge; Wisner v. Laney, 984 N.E. 2d 1201, 1205 (Ind. 2012); Stonger v. Sorrell, 776 N.E.2d 353 (Ind. 2002).

2

Judge Dreyer joined in conspiracy with Defendants and their legal counsel by egregious conduct to commit fraud upon the Court and against Plaintiff Parker by swaying Judge Dreyer to dismiss the above action with prejudice, without regard to the law and documented evidence attached to Amended Complaint and without regard to a Subpoena Decues Tecum which was issued by the Marion County Superior Court. (P. Exh. B, 2pgs.)

The integrity of the Judicial System has been harmed because of Judge Dreyer's abuse of discretion and participation in fraudulent behavior upon the Court. 56 F. 3d Audi Aktiengesellschaft 1259, 1267 (10th Cir. 1995); Lockwood v. Bowles, 46 F.R.D. 625, 632-33 (D.D.C. 1969) and e.g. Jo. W. v. Je W., 952 N.E.2d 783, 786 (Ind. Ct. App. 2011).

Wherefore, Plaintiff Parker request this Court issue Orders resolving all pending Motions, that this Court Set Aside Judge Dreyer's orders Dismissing entire case with Prejudice, that this Court Grant Plaintiff Parker's Motion for Enlargement of Time, so that Plaintiff Parker can now serve Summons and Complaint upon remaining Defendants- an additional 90 days-or longer-at this Court's discretion- from date of entry of this Court's Order, this Court Order Capital One Auto Finance, Capital One, NA and Onyx answer the Amended Complaint, that this Court reset all dates for discovery and service, that this Court put back in force the Subpoena Duces Tecum and Order Defendants Capital One Auto Finance to produce all documents and information requested within the Subpoena, and any other further relief, this Court deems as just.

Affidavit of Plaintiff Parker follows:

Respectfully submitted this 27th day of October, 2016.

Brenda Parker

Brenda Parker
Plaintiff, pro se
1427 W. 86th Street, #609, 317-918-5574
Indianapolis, IN  46260

3

**STATE OF INDIANA**      ) COUNTY OF MARION
                         ) IN THE SUPERIOR COURT, CIVIL DIVISION
                         )
BRENDA PARKER            ) CASE: 49D04-1601-CT-002531
    Plaintiff         )
v.                       )
CAPITAL ONE AUTO FINANCE, et al  )
    Defendants

**AFFIDAVIT OF BRENDA PARKER**
**INDIANA**

    Plaintiff Parker still stands on all the evidence and claims of fraud, bias and prejudices of Judge Dreyer, stated within Plaintiff Parker's Motion to Recuse Judge Dreyer and Plaintiff Parker's Affidavit and exhibits attached to her Motion to Recuse and Plaintiff's Praecipe, with attachments filed and considered by the Indiana Supreme Court. Plaintiff states, the previous filed Motion to Recuse and attachments have not been addressed by the Indiana Supreme Court, in removing Judge Dreyer from presiding over this case. Plaintiff has been aggrieved by the illegal actions of Judge Dreyer, Defendants and their legal counsel.

    Judge Dreyer did nothing on Plaintiff Parker's Amended Complaint initially filed and filed within ten (10) days of Judge Dreyer's order. Judge Dreyer failed to order Defendants to answer the Amended Complaint pursuant to laws and statutes. Plaintiff attached to her Amended Complaint, her copy of the Sales Contract and receipt, as evidence of fraud and misrepresentation by Defendants and of Judge Dreyer conspiring with Defendants and their counsel. Judge Dreyer Granted Plaintiff Parker's Motion to Amend Complaint on June 6, 2016.

    Plaintiff Parker's Motion for Enlargement of Time to Serve Summons and Complaint upon other Defendants was filed May 9, 2016 and did not appear on the CCS until May 20,

2016. This motion is still pending and requiring an order from Special Honorable Judge Ayers. Defendants' dual motion is also still pending as to (P. Exh. D) attached.

Plaintiff Parker retrieved numerous copies of the CCS, which is stated and attached within Affidavit attached to Plaintiff Parker's Motion to Recuse. The copies of several CCS reports reveal Judge Dreyer committed fraud by attempting to back date his first claimed entered Order and back enter it upon the CCS to commit fraud and cause everyone to believe that his order was entered on May 13, 2016. (See Plaintiff Parker's Recusal Affidavit, in its entirety) and also copies of the CCS reports attached to Plaintiff's Motion to Recuse and Affidavit in support thereof.

Plaintiff Parker was deprived of Dues Process of law and a deprivation of numerous other Constitutional laws against Plaintiff Parker, at the hearing held in Judge Dreyer's courtroom on Defendants' Motion to Dismiss on May 13, 2016. Judge Dreyer did not allow Plaintiff Parker to speak upon the record. Judge Dreyer interrupted Plaintiff Parker constantly, when Plaintiff Parker attempted numerous times to speak. Judge Dreyer ignored a Subpoena Duces Tecum issued by the Clerk of Clerk. Judge Dreyer ignored Plaintiff Parker's request for Continuance because Defendants failed to bring the subpoenaed information and Judge Dreyer took about 10 minutes to close the record, without Plaintiff Parker presenting her side and receiving a continuance. Judge Dreyer stated he would take the matter under advisement.

Judge Dreyer acted as an attorney, working for and with Defendants and their counsel. Judge Dreyer abused his discretion and committed fraud upon the Courts by committing fraud in the mandates of entering orders accurately upon the CCS and utilizing evidence, facts and documents within the record.

Plaintiff Parker also attempted to retrieve a copy of the transcript from the Court Reporter and to this date, the Court Reporter has not produced a detailed billing of charges for the about 15-minute hearing held on May 13, 2016 or return calls to Plaintiff Parker.

Plaintiff Parker request this Court, correct the illegal acts and actions of Judge Dreyer and Set Aside his Order Dismissing Case with Prejudice and any further relief this Court deems just.

Plaintiff Brenda Parker, affirm, under penalties of perjury that the foregoing representations of facts presented in her Motion and Affidavit are true and correct to the best knowledge and belief of Affiant. On this 27th day of October, 2016 the Affiant appeared before the undersigned: *Brenda Parker 10-27-16*

Notary Public

My Commission Expires: _____ 6-26-2021

MADELINE MARIE GIDDENS
NOTARY PUBLIC
STATE OF INDIANA
JOHNSON COUNTY
COMM. # 645431
COMM. EXPIRES 06-26-2021

6

**CERTIFICATE OF SERVICE        CASE #49D10-1601-CT-002531**

Plaintiff certifies that on October 27, 2016, Plaintiff filed with the Clerk's Office of Judge

Ayers- Marion County Superior Court-in person- Plaintiff's Motion to Set Aside Judge Dreyer's

Orders Dismissing Case·with Prejudice with attachments. Plaintiff also mailed, with pre-paid

postage the same documents, in the United States Post Office at IUPUI Post Office, Indianapolis,

IN, with adequate first class postage and addressed to the below:

Pilgrim Christakis
c/o: Attorney Anna-Katrina S. Christakis and
Attorney James J. Morrissey
321 North Clark Street, #26th Floor
Chicago, IL 60654


Brenda Parker, Plaintiff, pro se   *Brenda Parker 10-27-16*

**1427 W. 86th Street, #609**
**Indianapolis, IN 46260**
**317-918-5574**

State of Indiana

County of Marion
In the Superior Court, Civil Division 10

BRENDA PARKER               )

             Plaintiff,    )

v.                  )    Case No: 49D10-1601-CT-002531

CAPITAL ONE AUTO FINANCE, et al.  )

           Defendants.  )

**FILED**

JUN 2 0 2016

*Myla A. Eldridge*
CLERK OF THE MARION CIRCUIT COURT

## ORDER DISMISSING CASE

Comes now Defendants Capital One Auto Finance, a division of Capital One N.A., and Onyx Acceptance Corporation (collectively, "Defendants") in the above captioned case, by counsel, and requests that this Court dismiss the above captioned case with prejudice against Defendants, which is less than all parties. This Court, being duly advised, now finds that the motion should be granted.

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion to Dismiss is granted and Defendants are hereby dismissed with prejudice.

Done in _Indpls_ , Indiana, this _20_ day of _June_ , 20_16_.

_____
Signature of Judge

Entered on CCS ( ) Date: _____

Entered on the Record of Judgments and Orders ( ) Date: _____

P.Exh. A
C

CAUSE NO. _____

ATTYS. FOR PLAINTIFF _____

ATTYS. FOR DEFENSE _____

| DATE | | | |
|---|---|---|---|
| MO. | DAY | YEAR | |
| 3 | 16 | 16 | Court sets hearing on Δ's Motion to Dismiss |
| | | | It NOT _____ |
| | | | (Onyx Acceptance) |
| 5 | 13 | 16 | π IP & Δ Capital One, BC, Morsey! |
| MAY | 2 7 | 2016 | Argument on Δs motion to dismiss, & |
| | | | P's motion for discovery ; Motion to |
| | | | Dismiss granted ; Δs Onyx Acceptance |
| | | | & Capital One dismissed from case. |
| | | | P's motions moot on those Δs |
| | | | p.h.t |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | 1 |
| | | | |

# SUBPOENA DUCES TECUM (CIVIL CASE)

Rule ~~2085~~   Case No. *49D10-1601-CT-002531*

*Marion County Indiana, Superior Court, Division 10 Civil* ~~Small Claims~~ *Superior* Court

*200 East Washington Street T-1021, Indianapolis-IN 46204*
_____ADDRESS_____                    TELEPHONE NUMBER

*Capital One Auto Finance, et al*   v.   *BRENDA PARKER*
CUSTODIAN:                          REQUESTING PARTY:

*Capital One Auto Finance, et al*        *BRENDA PARKER*
*c/o Alguin Christakis LLP*
*ATTN: Atty. Anna-Katrina S. Christakis*
*321 North Clark St- 26th Floor*
*Chicago-IL 60654*

TO: *Capital One Auto Finance, et al c/o Council of Record* _____ or any authorized officer:

You are commanded to serve this Subpoena Duces Tecum on the Custodian.

**TO THE CUSTODIAN:**

You or someone acting in your behalf are commanded to produce the documents and tangible things designated and described ☒ in the attached request ☐ below for issuance of this Subpoena Duces Tecum as follows:

**ITEMS TO BE PRODUCED:** *In Judge David Dreyer's Court Room All makes*
*all contact information including addresses and full names*
*of all agencies, companies, corporations contracted to or with*
*for Repossession incident of Plaintiff's 2006 Ford Explorer*
*in May 2014. Produce originals of all contracts* ☐ CONTINUED ON REVERSE SIDE
*for Plaintiff's 2006 Ford Explorer*

☒ Documents are to be delivered on:

☒ *May 13, 2016* ........ at *10AM* ...... to this court at the above address.

☐ ................................ or before to:

☐ the Clerk's office of this court at the above address.

☐ ................................

☒ Tangible things are to be:

☒ made available to the REQUESTING PARTY at *10AM on May 13, 2016* ...... for

☒ *Motion Hearing* ............ to permit such party or someone acting in his behalf to inspect and copy, test or sample such tangible things in your possession, custody or control.

☐ delivered to this court at the above address on ................................

**OTHER TERMS:** ................................................................

☒ You are further commanded to appear in person before this Court at the date and time shown above with the documents and/or tangible things subpoenaed by this Subpoena Duces Tecum and to be ready to testify in response to questions concerning these items.

**WARNING:** Failure to comply with the terms of this Subpoena Duces Tecum may result in your being fined or jailed for contempt of court.

APR 14 2016

_____                    *Myla A. Eldridge* )  Clerk
DATE

by _____
                                DEPUTY CLERK

*P. Exh. B*

CC 1627 (1/95)

**ITEMS TO BE PRODUCED:**

continued: Repo vehicle utilized in the Repossession incident on in May 2014 of Plaintiff's 2006 Ford Explorer; provide make - model, registration name & address + tag information

- All accounting of all payments by Brenda Parker to Capital One Auto Finance for the 2006 Ford Explorer
- Documentation in legal form of affiliation of Capital One Auto Finance to Capital One, NA & Onyx Acceptance Corp.
- Documentation in legal format of Capital One Auto Finance board members and of Capital One, NA & Onyx - all share the same board members
- Documentation of all individuals and/or agencies who provided accounts payable and collections on Brenda Parker 2006 Ford Explorer
- legal documents on policies/procedures of Capital One Auto Finance and if a foreign Corporation
- All contact information on personnel who handles Write-offs for Capital One Auto Finance, Capital One NA & Onyx Acceptance
- all contact information on IRS personnel who received Write-offs from Capital One Auto Finance for Brenda Parker's 2006 Ford Explorer
- all legal procedures documents for non-collectable vehicle debts.

**RETURN OF SERVICE**

(Signed) _____ "

Any person who falsifies an affirmation or representation of fact shall be subject to the same penalties as are prescribed by law for the making of a false affidavit.

**(C) Verified pleadings, motions, and affidavits as evidence.** Pleadings, motions and affidavits accompanying or in support of such pleadings or motions when required to be verified or under oath shall be accepted as a representation that the signer had personal knowledge thereof or reasonable cause to believe the existence of the facts or matters stated or alleged therein; and, if otherwise competent or acceptable as evidence, may be admitted as evidence of the facts or matters stated or alleged therein when it is so provided in these rules, by statute or other law, or to the extent the writing or signature expressly purports to be made upon the signer's personal knowledge. When such pleadings, motions and affidavits are verified or under oath they shall not require other or greater proof on the part of the adverse party than if not verified or not under oath unless expressly provided otherwise by these rules, statute or other law. Affidavits upon motions for summary judgment under Rule 56 and in denial of execution under Rule 9.2 shall be made upon personal knowledge.

## Rule 12. Defenses and objections -- When and how presented -- By pleading or motion -- Motion for judgment on the pleadings

**(A) When presented.** The time allowed for the presentation of defenses and objections in a motion or responsive pleading shall be computed pursuant to the provisions of Rule 6(C).

**(B) How presented.** Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required; except that at the option of the pleader, the following defenses may be made by motion:

(1) Lack of jurisdiction over the subject matter,

(2) Lack of jurisdiction over the person,

(3) Incorrect venue under Trial Rule 75, or any statutory provision. The disposition of this motion shall be consistent with Trial Rule 75,

(4) Insufficiency of process;

(5) Insufficiency of service of process;

(6) Failure to state a claim upon which relief can be granted, which shall include failure to name the real party in interest under Rule 17;

(7) Failure to join a party needed for just adjudication under Rule 19;

(8) The same action pending in another state court of this state.

A motion making any of these defenses shall be made before pleading if a further pleading is permitted or within twenty [20] days after service of the prior pleading if none is required. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, any of the defenses in section (B)(2), (3), (4), (5) or (8) is waived to the extent constitutionally permissible unless made in a motion within twenty [20] days after service of the prior pleading. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion.

When a motion to dismiss is sustained for failure to state a claim under subdivision (B)(6) of this rule the pleading may be amended once as of right pursuant to Rule 15(A) within ten [10] days after service of notice of the court's order sustaining the motion and thereafter with permission of the court pursuant to such rule.

If, on a motion, asserting the defense number (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. In such case, all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

**(C) Motion for judgment on the pleadings.** After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

**(D) Preliminary determination.** Whether made in a pleading or by motion, the defenses specifically enumerated (1) to (8) in subdivision (B) of this rule, and the motion for judgment on the pleadings mentioned in subdivision (C) of this rule shall, upon application of any party or by order of court, be determined before trial unless substantial justice requires the court to defer hearing until trial.

**RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT**

No:

Date

Seller

Buyer

"We" and "us" mean the Seller above, its successors and assigns.

"You" and "your" mean each Buyer above, and guarantor, jointly and individually.

**SALE:** You agree to purchase from us, on a time basis, subject to the terms and conditions of this contract and security agreement (Contract), the Motor Vehicle (Vehicle) and services described below. The Vehicle is sold in its present condition, together with the usual accessories and attachments.

| Description of Motor Vehicle Purchased | Year | VIN | Other: |
|---|---|---|---|
| | Make | Lic. No./Year | |
| | Model | ☐ New ☐ Used | |

Description of Trade In

**SECURITY:** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle, together called Property, and proceeds of the Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the principal amount of $ _____ plus finance charges accruing on the unpaid balance at the rate of _____ % per year from today's date until maturity. Finance charges accrue on a _____ day basis. After maturity, or after you default and we demand payment, we will earn finance charges on the unpaid balance at _____ % per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the TRUTH-IN-LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

☐ **ADDITIONAL FINANCE CHARGE:** You agree to pay an additional, nonrefundable finance charge of $ _____ that will be ☐ paid in cash. ☐ added to the Cash Price. ☐ paid proportionally with each payment.

☐ **MINIMUM FINANCE CHARGE:** You agree to pay a minimum finance charge of $ _____ if you pay this Contract in full before we have earned that much in finance charges.

**DOWN PAYMENT:** You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED. ☐ You agree to make deferred payments as part of the cash down payment as reflected in your Payment Schedule.

**TRUTH IN LENDING DISCLOSURES**

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE The total cost of your purchase on credit, including your down payment of $ _____ |
|---|---|---|---|---|
| _____ % | $ _____ | $ _____ | $ _____ | $ _____ |

**Payment Schedule:** Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| | | MONTHLY BEGINNING 3/17/07 |

**Security:** You are giving a security interest in the Motor Vehicle purchased.

☐ **Late Charge:** If a payment is more than _____ days late, you will be charged _____

**Prepayment:** If you pay off this Contract early, you ☐ may ☐ will not have to pay a Minimum Finance Charge.
☐ If you pay off this Contract early, you will not be entitled to a refund of part of the Additional Finance Charge.

**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

**CREDIT INSURANCE:** Credit life, credit disability (accident and health), and any other insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.

Credit Life: Insured _____
☐ Single ☐ Joint Prem $ _____ Term _____
Credit Disability: Insured _____
☐ Single ☐ Joint Prem $ _____ Term _____

**ITEMIZATION OF AMOUNT FINANCED**

Vehicle Price (incl. sales tax of $ _____ ) $ _____
Service Contract. Paid to: _____ $ _____
Amount to Finance line e. (if e. is negative) $ _____
    Cash Price $ _____
Manufacturer's Rebate $ _____
Cash Down Payment $ _____
Deferred Down Payment $ _____
    a. Total Cash/Rebate Down $ _____
b. Trade-In Allowance $ _____
c. Less: Amount owing $ _____
    Paid to: _____
d. Net Trade-In (b. minus c.) $ _____

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

Buyer _____ d/b/a  Buyer _____ d/b/a

**PROPERTY INSURANCE:** You must insure the Property securing this Contract. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ _____. If you get insurance from or through us you will pay $ _____ for _____ of coverage.

This premium is calculated as follows:

| | | |
|---|---|---|
| $ | Deductible, Collision Coverage $ | |
| $ | Deductible, Comprehensive Cov'r $ | |
| Fire Theft and Combined Additional Coverage $ | | |

Liability insurance coverage for bodily injury and property damage caused to others is not included in this Contract unless checked and indicated.

**SERVICE CONTRACT:** With your purchase of the Vehicle you agree to purchase a Service Contract to cover _____. This Service Contract will be in effect for _____.

**ASSIGNMENT:** This Contract and Security Agreement is assigned to _____ the Assignee, phone _____. This assignment is made under the terms of a separate agreement. under the terms of the ASSIGNMENT BY SELLER on page 2. This assignment is made with recourse.
Seller by _____ Date _____

**GEORGIA** RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT
(page 1 of 2)
MOTOR VEHICLE - NOT FOR MANUFACTURED HOMES

| | |
|---|---|
| d. Net Trade-In (b. minus c.) | $ |
| e. Net Cash/Trade-In (a. plus d.) | $ |
| **Down Payment** (e.; disclose as $0 if negative) | $ |
| Unpaid Balance of Cash Price | $ |
| Paid to Public Officials - Filing Fees | $ |
| Insurance Premiums | $ |
| Additional Finance Charge(s), Paid to Seller | $ |
| To: | $ |
| To: | $ |
| To: | $ |
| To: | $ |
| **Total Other Charges/Amounts Pd. to Others** | $ |
| Less: Prepaid Finance Charges | $ |
| **Amount Financed** | $ |

*We may retain or receive a portion of this amount.

**NOTICE TO BUYER**
Do not sign this agreement before you read it or if it contains any blank spaces. You are entitled to an exact copy of the contract you sign.

BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1 AND 2 OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF A COPY OF THIS CONTRACT.

Buyer Signature _____ Date _____

Signature _____ Date _____

Seller By _____

© 1992, 1999 Bankers Systems, Inc., St. Cloud, MN Form RSI-MV-GA 7/5/2000 (page 1 of 2)

Seller sells and assigns this Retail Installment Contract and Security Agreement, (Contract), to the Assignee, its successors and assigns, together with title and interest in this Contract, and any guarantee executed in connection with this Contract. Seller gives Assignee full power, either in its own name or in Seller's name, to take all legal or other actions which Seller could have taken under this Contract. (SEPARATE AGREEMENT: If this Assignment is made "under the terms of a separate agreement" as indicated on page 1, the terms of this assignment are described in a separate writing(s) and not as provided below.)

Seller warrants:
A. This Contract represents a sale by Seller to Buyer on a time price basis and not on a cash basis.
B. The statements contained in this Contract are true and correct.
C. The down payment was made by the Buyer in the manner stated on page 1 of this Contract and, except for the application of any manufacturer's rebate, no part of the down payment was loaned or paid to the Buyer by Seller or Seller's representatives.
D. This sale was completed in accordance with all applicable federal and state laws and regulations.
E. This Contract is valid and enforceable in accordance with its terms.
F. The names and signatures on this Contract are not forged, fictitious or assumed, and are true and correct.
G. This Contract is vested in the Seller free of all liens, is not subject to any claims or defenses of the Buyer, and may be sold or assigned by the Seller.
H. A completely filled-in copy of this Contract was delivered to the Buyer at the time of execution.
I. The Vehicle has been delivered to the Buyer in good condition and has been accepted by Buyer.
J. Seller has or will perfect a security interest in the Property in favor of the Assignee.
If any of these warranties is breached or untrue, Seller will, upon Assignee's demand, purchase this Contract from Assignee. The purchase shall be cash in the amount of the unpaid balance (including finance charges) plus the costs and expenses of Assignee, including attorneys' fees.
Seller will indemnify Assignee for any loss sustained by it because of judicial set-off or as the result of a recovery made against Assignee as a result of a claim or defense Buyer has against Seller.
Seller waives notice, of the acceptance of this Assignment, notice of non-payment or non-performance and notice of any other remedies available to Assignee.
Assignee may, without notice to Seller, and without affecting the liability of Seller under this Assignment, compound or release any rights against, and grant extensions of time for payment to be made, to Buyer and any other person obligated under this Contract.

UNLESS OTHERWISE INDICATED ON PAGE 1, THIS ASSIGNMENT IS WITHOUT RECOURSE.

WITH RECOURSE: If this Assignment is made "with recourse" as indicated on page 1, Assignee takes this Assignment with certain rights of recourse against Seller. Seller agrees that if the Buyer defaults on any obligation of payment or performance under this Contract, Seller will, upon demand, repurchase the Contract for the amount of the unpaid balance, including finance charges, due at that time.

© 1992, 1999 Bankers Systems, Inc., St. Cloud, MN Form RSI-MV-GA 7/5/2000 (page 2 of 2)

# 1ST Financial Services & Automotive Sales, Inc.

PURCHASE AGREEMENT

2915 Canton Road • Marietta, GA 30066
Phone 770-528-6889 • Fax 770-528-6896

DATE _____
SALES PERSON _____
STOCK # _____

PURCHASER _____ HOME PHONE _____ BUS PHONE _____
ADDRESS _____ CITY _____ STATE _____ COUNTY _____ ZIP _____

[ ] NEW  [ ] DEMO  [ ] USED

YEAR _____ MAKE FORD MODEL _____
SERIAL NO _____ COLOR _____
IN SERVICE DATE _____ CYL _____ KEY NO _____ MILES _____
TAG NO _____ DOB _____ S.S.N. _____

## USED CAR TRADE IN

YEAR | MAKE | MODEL | BODY STYLE | COLOR
MILEAGE | SERIAL NO | | TAG NO
BALANCE OWED TO WHOM | ACCOUNT NO
ADDRESS | PAY OFF GOOD TIL | VERIFIED BY
CITY | STATE | ZIP | BALANCE OWED

| | |
|---|---|
| BASE PRICE | |
| FREIGHT | |
| TOTAL VEHICLE PRICE | |
| TRADE ALLOWANCE | |
| TRADE DIFFERENCE | |
| DELIVERY & HANDLING FEE | |
| SUB TOTAL | |
| SALES TAX % | |
| EMISSION STICKER | |
| TAG & TITLE FEE | |
| WARRANTY RIGHTS FEE | |
| TOTAL CASH PRICE | |
| BALANCE OWED ON TRADE IN | |
| BALANCE DUE | |
| DOWN PAYMENT REC. NO. | |
| DUE ON DELIVERY REC. NO. | |
| TOTAL BALANCE DUE | |
| EXTENDED SERVICE AGREEMENT | |
| AMOUNT TO FINANCE | |

## DELIVERY & HANDLING FEE
This charge represents costs and profit to the Seller/Dealer for such items as inspecting, cleaning and adjusting new & used vehicles and preparing documents related to the sale.

## DISCLAIMER OF WARRANTIES
Any warranties on the products sold hereby are those made by the Manufacturer. The Seller, 1st Financial Services & Automotive Sales, Inc. hereby expressly disclaims all warranties, either expressed or implied, including any implied warranty or merchantability or fitness for a particular purpose, and 1st Financial Services & Automotive Sales, Inc. neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of said product.

Purchaser agrees: 1. This Agreement includes all the terms and conditions on the face and additional Terms and Conditions on the reverse side hereof. 2. This Agreement comprises the sole, complete and exclusive statement of terms relating to the subject matters covered hereby; and Purchaser has not relied upon any representation of Dealer, its agents or servants, not appearing in writing on the face hereof. 3. This Agreement cannot be modified except by express written agreement of the parties. 4. Purchaser, by execution of this Agreement, acknowledges that he has read, or had the opportunity to read, the terms and conditions on the face and reverse hereof and has received a true copy of same.

LIEN HOLDER _____
ADDRESS _____

PAYMENTS 36 ____ 42 ____ 48 ____ 60 ____
PURCHASER'S SIGNATURE Brenda J. Parker
ACCEPTED BY _____
DEALER OR HIS AUTHORIZED REPRESENTATIVE

H

| RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT | Seller UNIVERSAL CHEVROLET, INC. 2907 HWY 129 S CLEVELAND, GA 30528 | Buyer BRENDA J PARKER 1538 HEWATT RD SW LILBURN, GA 30047 |
|---|---|---|
| No. | "We" and "us" mean the Seller above, its successors and assigns. | "You" and "your" mean each Buyer above, and guarantor, jointly and individually. |
| Date 2/19/07 | | |

SALE: You agree to purchase from us, on a time basis, subject to the terms and conditions of this contract and security agreement (Contract), the Motor Vehicle (Vehicle) and services described below. The Vehicle is sold in its present condition, together with the usual accessories and attachments.

Description of Motor Vehicle Purchased:
Year 06   Make FORD   Model EXPLORER   VIN 1FMEU75816ZA03927   Us. No./Year   □ New ☒ Used   Other:

Description of Trade-in: N/A

SECURITY: To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle, together called Property, and proceeds of the Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

PROMISE TO PAY AND PAYMENT TERMS: You promise to pay us the principal amount of $ 33,052.25 , plus finance charges accruing on the unpaid balance at the rate of 21.25 % per year from today's date until maturity. Finance charges accrue on a 365 day basis. After maturity, or after you default and we demand payment, we will earn finance charges on the unpaid balance at 21.25 % per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Contract.
□ ADDITIONAL FINANCE CHARGE: You agree to pay an additional, nonrefundable finance charge of $ 0.00 that will be □ paid in cash. □ added to the Cash Price. □ paid proportionally with each payment.
□ MINIMUM FINANCE CHARGE: You agree to pay a minimum finance charge of $ N/A if you pay this Contract in full before we have earned that much in finance charges.
DOWN PAYMENT: You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED. □ You agree to make deferred payments as part of the cash down payment as reflected in your Payment Schedule.

## TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE The total cost of your purchase on credit, including your down payment of |
|---|---|---|---|---|
| 21.25 % | $ 25,687.51 | $ 33,052.25 | $ 58,739.76 | $ 1,000.00 $ 59,739.76 |

Payment Schedule: Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 815.83 | MONTHLY BEGINNING 3/19/07 |

Security: You are giving a security interest in the Motor Vehicle purchased.
☒ Late Charge: If a payment is more than 10 days late, you will be charged 5% OF PAYMENT AMOUNT NOT TO EXCEED $50
Prepayment: If you pay off this Contract early, you □ may ☒ will not have to pay a Minimum Finance Charge.
□ If you pay off this Contract early, you will not be entitled to a refund of part of the Additional Finance Charge.
Contract Provisions: You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

CREDIT INSURANCE: Credit life, credit disability (accident and health), and any other insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.

Credit Life: Insured
□ Single □ Joint   Prem. $ N/A   Term
Credit Disability: Insured
□ Single □ Joint   Prem. $ N/A   Term

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

_____  _____
Buyer              date  Buyer              date

PROPERTY INSURANCE: You must insure the Property securing this Contract. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ N/A if you get insurance from or through us you will pay $ N/A for _____ of coverage.
This premium is calculated as follows:
□ $_____ Deductible, Collision Coverage $ N/A
□ $_____ Deductible, Comprehensive Cov. $ N/A
□ Fire-Theft and Combined Additional Coverage $ N/A
□ _____ $ N/A

Liability insurance coverage for bodily injury and property damage caused to others is not included in this Contract unless checked and indicated.

□ SERVICE CONTRACT: With your purchase of the Vehicle, you agree to purchase a Service Contract to cover _____ N/A _____ . This Service Contract will be in effect for _____

### ITEMIZATION OF AMOUNT FINANCED

| | |
|---|---|
| Vehicle Price (incl. sales tax of $ 1,925.76 ) | $ 33,822.75 |
| Service Contract, Paid to: | $ N/A |
| Amount to Finance line c. (if is negative) | $ 0.00 |
| a. Cash Price | $ 33,822.75 |
| Manufacturer's Rebate | $ N/A |
| Cash Down Payment | $ 1,000.00 |
| Deferred Down Payment | $ N/A |
| b. Total Cash/Rebate Down | $ 1,000.00 |
| c. Less: Amount owing | $ N/A |
| Paid to: | |
| d. Net Trade-in (b. minus c.) | $ N/A |
| e. Net Cash/Trade-in (a. plus d.) | $ 1,000.00 |
| Down Payment (a. disclose as $0 if negative) | $ 1,000.00 |
| Unpaid Balance of Cash Price | $ 32,822.75 |
| Paid to Public Officials - Filing Fees | $ 30.50 |
| Insurance Premiums* | $ N/A |
| Additional Finance Charge(s), Paid to Seller | $ 0.00 |
| To Doc Prep Fee | $ 199.00 |
| To: | $ N/A |
| To: | $ N/A |
| To: | $ N/A |
| Total Other Charges/Amounts Pd. to Others | $ 229.50 |
| Less: Prepaid Finance Charges | $ 0.00 |
| Amount Financed | $ 33,052.25 |

*We may retain or receive a portion of this amount.

NOTICE TO BUYER
Do not sign this agreement before you read it or if it contains any blank spaces. You are entitled to an exact copy of the contract you sign.

BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1 AND 2 OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF A COPY OF THIS CONTRACT.

Buyer
Signature  *Brenda J Parker*  2/19/07
                              Date

Signature _____  _____
                              Date
Seller: By _____

ASSIGNMENT: This Contract and Security Agreement is assigned to CAPITAL ONE FINANCE the Assignee, phone _____ . This assignment is made □ under the terms of a separate agreement. ☒ under the terms of the ASSIGNMENT BY SELLER as page 2. □ This assignment is made with recourse.
Seller: By UNIVERSAL CHEVROLET, INC. Date 2/19/07

GEORGIA RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT
© 1992, 1995 Bankers Systems, Inc., St. Cloud, MN   Form RS-GA-MHCA 7/5/2002

MOTOR VEHICLE – NOT FOR MANUFACTURED HOMES

(page 1 of 2)

P. EXH. BB

## ADDITIONAL TERMS OF THIS CONTRACT AND SECURITY AGREEMENT

**GENERAL TERMS:** You have been given the opportunity to purchase the Vehicle and described services for the Cash Price or the Total Sale Price. The Total Sale Price is the total price of the Vehicle and any services if you buy them over time. The Total Sale Price shown is the TRUTH IN LENDING DISCLOSURES assumes that all payments will be made as scheduled. The actual amount you will pay may be more or less depending on your payment record.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee, that is more than the maximum amount permitted by this sale by state or federal law. If you pay a finance charge or fee that is contrary to this provision, we will, instead, apply it first to reduce the principal balance, and when the principal has been paid in full, refund it to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract.

The law of Georgia will govern this transaction. It is also governed by applicable federal law and regulations. In the event of a dispute, the exclusive forum, venue, and place of jurisdiction will be in Georgia, unless otherwise required by law.

**NAME AND LOCATION:** Your name and address indicated on page 1 are your exact legal name and your principal residence. You will provide us with at least 30 days notice prior to changing your name or principal residence.

**PREPAYMENT:** You may prepay this Contract in full or in part at any time. Any partial prepayment will not excuse any later scheduled payments until you pay in full.

A refund of any prepaid, unearned insurance premiums may be obtained from us or from the insurance company named in your policy or certificate of insurance.

**OWNERSHIP AND DUTIES TOWARD PROPERTY:** By giving us a security interest in the Property, you represent and agree to the following:
A. Our security interest will not extend to consumer goods unless you acquire rights to them within 10 days after we enter into this Contract, or they are installed in or affixed to the Vehicle.
B. You will defend our interests in the Property against claims made by anyone else. You will do whatever is necessary to keep our claim to the Property ahead of the claim of anyone else.
C. The security interest you are giving us in the Property comes ahead of the claim of any other of our general or secured creditors. You agree to sign any additional documents or provide us with any additional information we may require to keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
D. You will keep the Property in your possession in good condition and repair. You will use the Property for its intended and lawful purposes. Unless otherwise agreed in writing, the Property will be located at your address listed on page 1 of this Contract.
E. You will not attempt to sell the Property (unless it is properly identified inventory) or otherwise transfer any right in the Property to anyone else, without our prior written consent.
F. You will pay all taxes and assessments on the Property as they become due.
G. You will notify us of any loss or damage to the Property. You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**DEFAULT:** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):
A. You fail to perform any obligation that you have undertaken in this Contract.
B. We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including court costs, reasonable attorneys' fees (if referred to collection) to an attorney not a salaried employee of ours) and fees for repossession, repair, storage and sale of the Property securing this Contract.

If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

**REMEDIES:** If you are in default on this Contract, we have all of the remedies provided by law and this Contract:
A. We may require you to immediately pay us, subject to any rebate required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
B. We may pay taxes, assessments, or other fees or make repairs to the Property if you have not done so. We are not required to do so. Any amount we pay will be added to the amount you owe us and will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.
C. We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
D. We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises. We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward your obligations.
E. Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not waive our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

Below the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that, subject to your right to recover such property, we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. Notice of intent to dispose of the personal property will be delivered to you within 10 days pursuant to Ga. Code Ann. § 44-14-411, You will have 30 days from the date of this notice to claim the personal property. If you do not claim the personal property, a second notice will be sent. If you do not claim the personal property within 30 days after the date of the second notice, the personal property will be disposed of. Any proceeds will be disposed according to Ga. Code Ann. § 44-14-412.

**WAIVER AND ASSIGNMENT OF EXEMPTIONS:** You waive and renounce all exemptions as they relate to any interest in the Property. You assign to us sufficient amount of exemptions to pay the amount due under this Contract. You direct any trustee to deliver to us a sufficient amount of the Property claimed as exempt to pay off the amount so allowed on this debt.

**INSURANCE:** You agree to buy property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the PROPERTY INSURANCE section, or as we will otherwise require. You will name us as loss payee on each policy. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as a loss payee, we may obtain insurance to protect our interest in the Property. This insurance may include coverages not required of you. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.

**OBLIGATIONS INDEPENDENT:** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:
A. You must pay this Contract even if someone else has also signed it.
B. We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
C. We may release any security and you will still be obligated to pay this Contract.
D. If we give up any of our rights, it will not affect your duty to pay this Contract.
E. If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**WARRANTY:** Warranty information is provided to you separately.

**WAIVER:** To the extent permitted by law, you agree to give up your rights to require us to do certain things. We are not required to: (1) demand payment of amounts due; (2) give notice that amounts due have not been paid, or have not been paid in the appropriate amount, time or manner; or, (3) give notice that we intend to make, or are making, this Contract immediately due.

---

### THIRD PARTY AGREEMENT

By signing below you agree to give us a security interest in the Property described in the SALE section. You also agree to the terms of this Contract, including the WAIVER section above, except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend, change this Contract, or release any party or property without releasing you from this Contract. We may take these steps without notice or demand upon you.

You acknowledge receipt of a completed copy of this Contract.

Signature _____  Date _____

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**IF YOU ARE BUYING A USED VEHICLE, THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

---

### ASSIGNMENT BY SELLER

Seller sells and assigns this Retail Installment Contract and Security Agreement, (Contract), to the Assignee, its successors and assigns, including all its rights, title and interest in this Contract, and any guaranties executed in connection with this Contract. Seller gives Assignee full power, either in its own name or in Seller's name, to take all legal or other actions which Seller could have taken since this Contract. (SEPARATE AGREEMENT: If this Assignment is made "under the terms of a separate agreement" as indicated on page 1, the terms of this assignment are described in a separate writing) and not as provided below.)

— Seller warrants:
A. This Contract represents a sale by Seller to Buyer on a time price basis and not on a cash basis.
B. This statements contained in this Contract are true and correct.
C. The down payment was made by the Buyer in the manner stated on page 1 of the Contract and, except for the application of any manufacturer's rebate, no part of the down payment was loaned or paid to the Buyer by Seller or Seller's representatives.
D. This sale was completed in accordance with all applicable federal and state laws and regulations.
E. This Contract is valid and enforceable in accordance with its terms.
F. The names and signatures on this Contract are not forged, fictitious or assumed, and are true and correct.
G. This Contract is valued in the Seller free of all liens, is not subject to any claims or defenses of the Buyer, and may be sold or assigned by the Seller.
H. A completely filled in copy of this Contract was delivered to the Buyer at the time of execution.
I. The Vehicle has been delivered to the Buyer in good condition and has been accepted by Buyer.
J. Seller has or will perfect a security interest in the Property in favor of the Assignee.

If any of these warranties is breached or untrue, Seller will, upon Assignee's demand, purchase this Contract from Assignee. The purchase shall be in cash in the amount of the unpaid balance (including finance charges) plus the costs and expenses of Assignee, including attorneys' fees.

Seller will indemnify Assignee for any loss sustained by it because of judicial set-off or as the result of a recovery made against Assignee as a result of a claim or defense Buyer has against Seller.

Seller waives notice of the acceptance of this Assignment, notice of non-payment or non-performance and notice of any other remedies available to Assignee.

Assignee may, without notice to Seller, and without affecting the liability of Seller under this Assignment, compound or release any rights against, and grant extensions of time for payment to he made, to Buyer and any other person obligated under this Contract.

UNLESS OTHERWISE INDICATED ON PAGE 1, THIS ASSIGNMENT IS WITHOUT RECOURSE.

WITH RECOURSE: If this Assignment is made "with recourse" as indicated on page 1, Assignee takes this Assignment with certain rights of recourse against Seller. Seller agrees that if the Buyer defaults on any obligation of payment or performance under this Contract, Seller will, upon demand, repurchase this Contract for the amount of the unpaid balance, including finance charges, due at that time.

Experts © 1993, 1999 Bankers Systems, Inc., St. Cloud, MN Form RIS-SI-MW-GA 3/5/2000                  (page 2 of 2)

Exhibit 2

GEORGIA MVD - RECEIPT (COPY)

**STATE OF GEORGIA**
**MOTOR VEHICLE REGISTRATION**

1FMEU75816ZA03927 - 2006 FORD EXPLORER     MP

BRENDA J PARKER
2006 FORD MP                 TOTAL FEES PAID        0.00
1FMEU75816ZA03927
779504070815016
0160 03/04/2014  RIM

PURCH DT: 02/19/2007
APP DT: 03/04/2014

| | | |
|---|---|---|
| Tag Number: | ACC1232 | Expires: 11/03/2014 |
| Valuation | 150916  $4030 | Tag Fee: 20.00 |
| Title Number: | 779504070815016 | Equip. No: |
| County: 016 | District: 13 | Mill Rate: Fuel: G |
| Farm Vehicle? N | GVW: | Color: UNK |

Classification:   PASSENGER CAR/LIGHT TRUCKS
Insurance Status:  VALID INSURANCE COVERAGE
Customer 1 No:  000043329562       Customer 2 No:

BRENDA J PARKER
1427 W 86TH ST # 609
INDIANAPOLIS IN 46260-2103

Signature: _Brenda Parker_

58151930

1    STATE OF INDIANA   )     IN THE MARION SUPERIOR COURT

2    COUNTY OF MARION)SS:    CIVIL DIVISION ROOM 10

3    BRENDA PARKER,         )

4        Plaintiff,        )

5        Vs.          )CAUSE NO.49D101601CT002531

6    CAPITAL ONE and     )

7    ONYX ACCEPTANCE,    )

8      Defendants.       )

9

10       TRANSCRIPT OF PROCEEDINGS, taken in the Motion to Dismiss

11   Hearing in the above-captioned cause heard on the 13th of May, 2016 before

12   the Honorable Patrick Murphy, Magistrate of said court.

13

14

15

16

17

18             Gelone Broadnax

19             Official Reporter

20      200 E. Washington, Room 1441

21        Indianapolis, IN  46204

22         (317) 327-4162

23

24

25

*K*

1

1                              A P P E A R A N C E S

2        Brenda Parker

3              Plaintiff, In Person Pro Se

4

5        Jim Morrissey

6              On behalf of Defendants Capital One and Onyx Acceptance.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          BE IT REMEMBERED that on the 13th day of May, 2016, in the Superior

2    Court of Marion County, Indiana, before the Honorable Patrick Murphy,

3    Magistrate of said court, the following proceedings were had:

4          THE COURT:   This is D101601CT002531, it's captioned Brenda Parker, is

5    that you Ma'am?

6          MS. PARKER:  NO AUDIBLE ANSWER.

7          THE COURT:  Are you Ms. Parker?

8          MS. PARKER:  Yes, yes Sir.

9          THE COURT:  The Plaintiff versus Capital One Auto Finance and other

10   Defendants, by Counsel.

11         MR. MORRISEY:  Jim Morrissey for Capital One and Onyx Acceptance.

12         THE COURT:  Alright, thank you.  It's here on those Defendants' Motion to

13   Dismiss the Complaint, correct?

14         MR. MORRISEY: Correct.

15         THE COURT:  And then Ma'am too within the recent days you had asked

16   for a Motion to Enlarge Time in order to try to affect service on other Defendants.

17         MS. PARKER:  Yes.

18         THE COURT:   Is that correct?

19         MS. PARKER: Yes.

20         THE COURT:  Have you seen that motion?

21         MR. MORRISEY: I was just handed a copy of it Your Honor.

22         THE COURT:  Just now?

23         MR. MORRISEY: Um hum.

24         THE COURT:  Does that affect your....

25         MR. MORRISEY: It appears to not affect either of our clients this seems to

3

1   be directed at the other Defendants in this case.  So, I have no objection at this

2   time.  I would also just like to note we also filed a Motion to Stay Discovery and

3   quash the subpoena as well.

4       THE COURT:  Well let's deal with the motion to dismiss I guess first.

5       MR. MORRISEY: Sure.

6       THE COURT:  And Ma'am are you ready to go forward on that?

7       MS. PARKER:  Well I haven't received a copy or a notice of filing for a

8   Motion to Squash (sic)  or a Motion to Extend Discovery.  So, I haven't received

9   either of those and I checked the docket last night at about 6:30 p.m. and was

10  nothing filed.  So, I would like an opportunity to review those documents.

11      MR. MORRISEY: Your Honor we actually have proof of service on Ms.

12  Parker for the Motion to Quash.  It was served via certified mail on the----I believe

13  it was the 10th or the 11th.

14      MS. PARKER:  That was yesterday; today is the 13th so...

15      THE COURT:  Either two or three days ago, is what you are saying.  Let me

16  see, whose Subpoena Duces Tecum is this?

17      MR. MORRISEY: It's Ms. Parker's.

18      MS. PARKER:  Which one is that?

19      THE COURT:  I'm looking right now.  What I'm looking at is a----a request

20  for a Party to produce certain items including contact information for any agency,

21  company, corporation, contracted regarding the repossession of a vehicle?

22      MS. PARKER:  Yes.

23      THE COURT:  And that's the sum to the duces tecum but it's directed to at

24  least one of the defendants, Capital One Finance.  So, let me reserve----since

25  that's the subpoena and that's what your motion regarding...

4

1    MR. MORRISEY: Ah, to stay and quash, correct, yeah.

2    THE COURT:  Allowing him more time to comply with that that's what that

3  motion of theirs is.

4    MS. PARKER:  And if possible for a continuance for this Motion to Dismiss

5  because the documents I requested will determine if they even have a legal right

6  to even have completed a repossession of my 2006 Ford Explorer.  And is matter

7  being taken down because....

8    THE COURT:  It's recorded.

9    MS. PARKER:  Oh, okay.  She uses a (sic) audio recorder?

10   THE COURT:  Yes, that replaced the transcription....

11   MS. PARKER:  Oh, okay.

12   THE COURT:  .... for most reporters.  Mr. Morrissey what do you comment

13  on that?

14   MR. MORRISEY: My comment would be, first of all, Your Honor, Plaintiff's

15  motion.... Plaintiff's Complaint fails on its face and she doesn't necessary need

16  the vaguely described and quite frankly, irrelevant documents to---laid in the

17  motion or the subpoena, excuse me.  And also Your Honor our Motion to Quash

18  sets out why that subpoena should be quashed in its entirety as well for a variety

19  of reasons that we could go into now or we could reserve that for after the motion

20  to dismiss is argued.

21   THE COURT:  All right, Ma'am what you're saying that...

22   MS. PARKER:  The...

23   THE COURT:  ...you're trying----let me ask you....

24   MS. PARKER:  Okay.

5

1      THE COURT:  ...two---two different questions.  One is service on other

2   Defendants.  If you accomplish that will that change your approach to this

3   hearing on the Motion to Dismiss?

4      MS. PARKER:  The extension on the other Defendants they are necessary

5   parties for the relief I am requesting.  The subpoena duces tecum directed to all

6   the Defendants; Capital One, N.A., Capital One Auto Finance, and Onyx

7   Corporation, through their legal representation.  It's for them to prove that they

8   have a legal right to have repossessed my vehicle. They filed a copy of a sales

9   contract with their motion to dismiss.  I filed a copy of a sales contract which I

10  received when I purchased my vehicle. The signatures do not match so unless

11  they brought----he brought with him the original to that contract for me to

12  examine and for you to examine to see if that is in fact my signature then

13  everything they've done with the repossession and gaining a judgment in federal

14  court was all done by fraud.  So, if he filed a motion to squash(sic) I need to

15  review and answer that motion to squash (sic) prior to this hearing for the motion

16  to dismiss because it's all relevant to the facts of their motion to dismiss to

17  determine if they did commit fraud on this court and in the federal court.

18      THE COURT:  Is the subject matter of this whole complaint been litigated

19  before then are you saying, in another court?

20      MS. PARKER:  In federal court there are two claims for federal----two

21  federal claims against Capital One, N.A., Capital One Auto Finance and Onyx

22  Corporation. It was for a fair debt in collection and fair debt in reporting.  The

23  federal judge dismissed both claims against the Defendants that he represent

24  based upon the fact that I couldn't recover under the reporting but I could

25  recover under the collection if it's found that my contract is in fact the only

6

1   contract available and that they're contract was submitted by fraud.  So, she has

2   not entered final judgment in the federal cause, which I'm awaiting her to do so,

3   so I can have it set aside for fraud.  So, that hasn't been done as far as I know on

4   my last check of the docket.  So.....

5        THE COURT:  But you're pleading fraud is that correct?

6        MS. PARKER:  Yes Sir.

7        THE COURT:  And you----your response to that Mr. Morrissey?

8        MR. MORRISEY:  Well, first of all Your Honor, we disagree with her

9   characterization of the ruling of the federal court and second of all our position is

10   that Mrs. Parker's complaint fails just on its face because in this complaint and

11   the federal court she's admitted that she made loan payments exclusively to

12   Capital One since her purchase of the vehicle in 2007.  Capital One was her

13   creditor. She stopped making payments in 2012 before the repossession of the

14   car, Capital One's lien and security interest is reflected on the title to the vehicle.

15   And now for the first time in her response to our motion to dismiss she's now

16   taken the position that Capital is not her creditor and quite frankly that directly

17   conflicts with the federal court's order in this case which dismissed the Fair Debt

18   Collection Practice Act claim against Capital One and Onyx based on its finding

19   that Capital One was Plaintiff's creditor and therefore, not subject to regulation.

20   So, this really highlights the comity argument in our motion to dismiss.  That---

21   that she's attempting to relitigate issues already directly decided and for this

22   court to enter an order that directly conflicts with the Federal Court's finding in

23   this case.

24        THE COURT:  Is this a---if there's a dispute of facts then is this a---I mean,

25   is this potentially a summary judgment hearing or could it be a summary

7

1   judgment hearing whether or not----are there undisputed facts that you think

2   that would lead the court to make a ruling?

3       MS. PARKER:  Well, the disputed facts is the contents of the contract.  And

4   if it's the contract that I presented to the court is the contract that's actually

5   without the Defendants as lienholder or if the contract they submitted attached

6   to their motion to dismiss is the contact.  So, that signature I clearly see is not

7   my signature.  On my contract, there is no lienholder.  The section where the

8   lienholder goes is blank.  He continuously states that my claims for illegal

9   repossession and breach of the peace was litigated in Federal Court.  The Federal

10  Judge declined jurisdiction over any of the state claims and in Federal Court I did

11  not file a claim against Capital One, NA, Capital One Auto Finance or Onyx

12  Corporation under the repossession or breach of peace and if I did the Federal

13  Court declined it.  She only took jurisdiction over the two federal claims.  So, I

14  was *instructed* by the Federal Court to file my state claims, which are all in my

15  complaint that I filed, in State Court and I believe I had two years from the date;

16  the statute of limitation which was coming up I believe May 9, 2000----well last

17  Wednesday, yeah, somewhere in there, for me to file it. So, I got it filed---I can't

18  remember the date if filed it, but that's why I filed it in State Court because I

19  couldn't litigate it in Federal Court.  So, that is untrue what he is stating that the

20  Judge looked at all of that in Federal Court.  She did not.  So, the subpoena

21  duces tecum is a legal document. He came alone he did not bring the documents,

22  he did not bring the person that's in care of the documents with him for me to

23  question that person at the hearing. I did receive a phone call from one of the

24  attorneys at their law firm about a week ago requesting that I withdraw my

25  subpoena duces tecum and I informed him via telephone that I was not going to

8

1   withdraw it because the Defendants obtained a judgment in Federal Court based

2   upon information that they're now putting in their motion to dismiss in your

3   court.  So, the only way we can get to the real matter is for those documents to

4   be produced and the fact that they didn't bring them shows that I have a good

5   cause to ask this court to dismiss their motion to dismiss but I can't do that

6   without the documents.  And there can't really be a hearing without them

7   producing the requested documents because that will prove do they actually have

8   a lien, are they actually the creditors? That should be this court's interest as well

9   to find out what happened.  Why am I fighting for repossession?  If it was legal I

10  wouldn't filed a case.  I've been a pro se litigant for over twenty something years.

11  I know what the evidence states, I know what the law states and Indiana law

12  states that a breach of a peace is if you disturbed in any kind of way.  I called the

13  police during the process of the repossession not after.   I went in the house,

14  came out, my vehicle was not parked where I left it.  Ran around the building,

15  saw the tow truck pulling my vehicle and I'm yelling and screaming.  Called 911

16  with my phone in hand, my bookbag on my neck, chasing the tow truck.  He

17  jumped---he got out the car to do something to my vehicle.  It must have been to

18  secure or tighten it must have been coming apart or something and he jumped

19  back in and just took out to the exit of the apartment complex so I called the

20  police.  Police arrive while I'm chasing the vehicle so the repossession was still

21  active at that time.  The police officers looked at a document they had which they

22  showed them in secret, didn't show it to me, claiming they had a right to the

23  vehicle; the tow truck driver, and I said let me see the document.

24       THE COURT:  Well let me interrupt you because this more like a fact

25  dispute or might be a fact dispute.  Let me turn back for a moment to Mr.

9

1   Morrissey and ask whether, proof notwithstanding, does pleading fraud make a

2   difference in your motion or not; that she's pleading that it's a substituted

3   document or contract?

4        MR. MORRISEY:   Well Your Honor that's not something that was asserted

5   in the complaint itself.   In our motion to dismiss instead of I guess----I'm not sure

6   I can respond to everything that was just said, but basically there's two points

7   we'd like to make in our motion to dismiss.

8        • The first is as threshold matter this case should be dismissed out of comity

9           to the parallel pending Federal Court proceedings involving the same

10          subject matter, the repossession, and the exact same parties to this case.

11          In that case, as I said, the Court's already entered an order finding that

12          Capital One was in fact Ms. Parker's creditor for the vehicle and she's now

13          disputing that and attempting to relitigate it.   So, that's the first point, that

14          it should be dismissed as a threshold matter under comity.

15       • And as a second point: Each one of the claims as set-out in the complaint

16          fails as a matter of law facially, just based on her own allegations in the

17          complaint and I don't think we need outside evidence or anything like that

18          to determine that her claims for theft, conversion, breach of the peace and

19          fraud as set-out in the complaint fail as a matter of law.

20       And I mean we're prepared to argue each one of those issues as well if you

21   would entertain argument.

22       THE COURT:   All right. Ma'am have you---you've replied to this motion----

23   your reply is only to the discovery or enlargement of time.   Have you specifically

24   replied or do you want to to the motion to dismiss? And...

25       MS. PARKER:   I've replied to their motion to dismiss by attaching my

10

1   contract and the reason that the contract wasn't disputed before is because I

2   didn't have the contract in my possession.  I had----didn't have funds to get to

3   Georgia to clean out my storage.  I went to Georgia, thank God he gave me the

4   funds to fly to Georgia, I retrieved documents out of my storage on March---I

5   think it was like March 17th, rented a Budget truck, drove all of my belongings

6   back and the documents was the first thing I went through because they got

7   scattered.  The container opened and all the documents were scattered in the

8   back of the truck.  So, I went through them and I'm like I know that contract that

9   they submitted to this court was not my contract.  I've never been to that part of

10  Georgia to make a purchase of a vehicle and that bothered me all this time.  I'm

11  like, okay, I went to another location.  So, when I got the contract I saw---I got my

12  receipt, I have a copy of them right here.  They are not listed as a creditor on my

13  copy of the contract.  So, there is an original that goes on top of this they should

14  have in their possession.  If they didn't bring anything else they should have

15  brought that original document to show, okay Ms. Parker, here's an original

16  showing we're your creditor and you signed this contract.  This is my signature

17  the document they submitted to this court that's not my signature on that

18  document.  So, I wanted them to bring the original to prove which one is the

19  document that's actually the contract that I signed in 2007 for a vehicle and I

20  brought this vehicle from First Financial Services Auto Sales in Marietta Georgia.

21  I've never been to the location where they presented a contract from some other

22  part of Georgia.  Never been there, never heard of it until I saw that contract. So,

23  it is necessary and by law that they need to prove that they are indeed the

24  lienholder to my vehicle.  Yes, I responded to the motion to dismiss and I put in

25  that motion by affidavit and memorandum of law that----how I came in

11

1    possession of my copy of the contract and why their contract is illegal.

2    MR. MORRISEY: And just to respond to that just to point out the facts that

3    are not in dispute in this case Your Honor, regardless of who the actual seller of

4    the vehicle was Ms. Parker admits that---in her complaint that she made every

5    single loan payment since 2007 to Capital One, Capital One was her creditor,

6    Capital One had a lien and security interest on the vehicle pursuant to the

7    vehicle title and Federal Court's already ruled that Capital One was her creditor

8    as to this vehicle.  So there is no dispute in this case the Capital One was the

9    holder of this debt for the vehicle in this case.  Her theft and conversion claims

10   and basically most of her claims in the complaint are predicated on her

11   mistaken----legally mistaken belief that because the account was reported as

12   charged off because she was so delinquent in her payments it therefore meant

13   that the debt was somehow discharged or she was no longer obligated to pay but

14   that is a legally incorrect position and a charge off of a debt does not mean that

15   you are no longer obligated to pay.  And that's what underpins basically her

16   theft, conversion and fraud claims in the complaint.  Now Ms. Parker is

17   something of a moving target with regard to what claim she's actually she's

18   actually alleging here but focusing simply on what's raised in the complaint we

19   believe that there's no dispute that those claims fails as a matter of law.

20   THE COURT:  Based on the pleadings that have all been submitted,

21   attached affidavits and/or exhibits and arguments that have been filed and heard

22   today are the Parties willing to let that serve as---on the motions that are

23   pending, the first one I'm hearing is the motion to dismiss.  So of you basically,

24   Ma'am, what I'm asking is have you said or written everything you want to on

25   that motion?

12

1     MS. PARKER:  No, the subpoena duces tecum goes along with that.

2     THE COURT:  No, procedurally that's where I'm proceeding is the motion to

3  dismiss. Are you----have you said all that you'd like on that subject today?

4     MS. PARKER:  I would like a continuance on the motion to dismiss since

5  they did not bring the documents necessary for a complete hearing on their

6  motion to dismiss.

7     THE COURT:  All right, I'm taking the matter----I'm going to review what I

8  have in front of me and then I'll rule on any motion pending fairly quickly---

9  within a few days.

10     MR. MORRISEY:  And actually Your Honor if I could just make one more

11  point about the breach of the peace that I think I didn't touch on yet.  Again,

12  based on Plaintiff's own allegations; and I point out Paragraph 16 of her

13  complaint is the most relevant of breach of peace claim.  Indiana law is pretty

14  clear that any breach of the peace needs to occur during the actual repossession

15  of the vehicle and any conduct that occurred after the actual repossession isn't

16  sufficient to state a claim and that would be Birrell v. Indiana Auto Sales, it

17  would be the appellate course case for that.  And in this case Ms. Parker candidly

18  admits in her complaint and just now that she was inside her apartment during

19  the actual repossession of the vehicle and it wasn't until several minutes after the

20  repossession that she same out, the vehicle wasn't there and in fact the tow

21  truck was driving down an adjacent street so that claim also fails as a matter of

22  law.

23     THE COURT:  All right.  I will rule on all the motions within a few days.

24  Thank you.

25     MR. MORRISEY: All right, thank you Your Honor.

13

1    MS. PARKER:  Your Honor this is not correct.  They're getting away with---

2    that's a court order for them to bring the documents that I requested and you're

3    going to rule on the motion without me giving testimony that I need to

4    supplement to my response to their motion to dismiss.  This is AGAINST THE

5    LAW!  This is not----he's sitting here lying.  He's literally lying!  And a

6    repossession is not complete if I'm still there disputing it.  If I'm disputing it,

7    calling 911 reference to it and the tow truck driver is stopped by the police there's

8    no completed repossession until after the police officers gave the tow truck driver

9    permission to move with the vehicle---to leave with the vehicle.  And that was

10   against the law and that's why I have claims still pending against the police

11   officers.

12       THE COURT:  I'm going to rule on these things separately so that's what

13   I'm telling you today is I'm going to rule on each motion separately.

14       MS. PARKER:  What about my subpoena duces tecum?

15       THE COURT:  That's included in that as well.

16       MS. PARKER:  Okay, I haven't responded to it as yet.  They say they mailed

17   it on the 10th----it was signed by----certified on the 10th today is the 13th so I

18   haven't had a chance to even review it so how would you rule on that if I haven't

19   reviewed it?

20       THE COURT:  Well it's set for a hearing today.

21       MS. PARKER:  Pardon?

22       THE COURT:  We're talking about the Motion to Dismiss first that's the one

23   that I'm going to rule on and then thereafter issues that are still pending I'll rule

24   on.  Okay, including that...

25       MS. PARKER:  Okay, well how would you rule on a motion to dismiss if

14

1   they filed....

2        THE COURT:  I'm ruling----it's a matter of law.

3        MS. PARKER:  Okay.

4        THE COURT:  The motion to dismiss is a---based on matter of legal

5   questions and I can answer those without evidence.  That's what I'm telling you.

6        MS. PARKER:  Okay, but how....

7        THE COURT:  Unless you're asking to amend your complaint, which you've

8   not said, ever.

9        MS. PARKER:  Am I asking to amend my complaint?

10       THE COURT:  No, you never have done that.

11       MS. PARKER:  Well I didn't get the opportunity until he brought the

12  documents.

13       THE COURT:  All right.  I'm just telling you the record is now closing and

14  I'm ruling on motion to dismiss fairly soon.  That's the end of the record today.

15           AND THAT WAS ALL THE EVIDENCE THAT WAS OFFERED AND

16                INTRODUCED IN THIS CAUSE ON THIS DATE.

17

18

19

20

21

22

23

24

25

1 <u>REPORTER'S CERTIFICATE</u>

2     I, Gelone Broadnax, an Official Reporter of the Marion Superior Court,

3 Marion County, State of Indiana, being duly appointed and qualified, hereby

4 certify that the Hearing heard on May 13, 2016 there caused to be recorded all

5 requested testimony, including both questions and answers, and caused to be

6 recorded all objections made to the admission and rejection of evidence, in the

7 above entitled cause, before the Honorable Patrick Murphy, Magistrate of said

8 court.

9     That before the hearing was begun, required to be present was Sarah

10 Ford of said court to record the oral evidence and a typewritten transcript of

11 the same is being made by me, Gelone Broadnax, Court Reporter.

12     I prepared the foregoing transcript and hereby certify that the same

13 contains all the evidence given in this cause so recorded upon said requested

14 Hearing at the time and place aforesaid to the best of my knowledge and belief.

15     IN WITNESS WHEREOF, I have hereunto set my hand and seal this 27th

16 day of December, 2016.

17

18                 *Gelone Broadnax*

19                 Gelone Broadnax

20                 Official Reporter

21

22

23

24

25

Because the
cripts ARe a
eate entity from

MARioN CouNTy
urts I Am NoT
w to have CouRT
ff interact
h them I must
so myself during
aks + Lunch hour.

lso, I will not
the original with
court. You will
eive the original.
only required to
Transcripts wheN
are Appellate
nscripts.

    ThANK you.

      CouRT RepoRTeR

A. EXHIBIT

FILED

OCT 19 2016                    (160)

*Myla A. Eldridge*

## In the

# Indiana Supreme Court

FILED
SEP 3 0 2016
GREGORY R. PACHMAYR
CLERK OF COURTS
STATE OF INDIANA

Brenda Parker,                    )    Supreme Court Case No. 49S01-1609-SJ-473
    Plaintiff,                     )
        v.                      )    Trial Court Case No. 49D10-1601-CT-2531
Capital One Auto Finance, et al,   )
    Defendants.                    )

### TRIAL JUDGE'S REPORT UNDER TRIAL RULE 53.1(F)

    After full review of the record, the Chronological Case Summary, and consulting Court

staff, the trial judge is unable to determine the nature of any matter in the case, or any other facts

or circumstances which can be deemed pertinent.

Dated this 27th day of September 2016.

David J. Dreyer, Trial Judge

*M*

OCT 19 2016

| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF MARION | ) | CASE NO. 49D10-1601-CT-2531 |
| | ) | |
| Brenda Parker | ) | SUPREME COURT NO. 49S01-1609-SJ-473 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Capital One Auto Finance, et al. | ) | |
| Defendants | ) | |

**FILED**
Sep 8 2016, 4:30 pm
C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court

### NOTICE OF CHIEF ADMINISTRATIVE OFFICER'S DETERMINATION
### PURSUANT TO TRIAL RULE 53.1(E)

TO: THE CLERK OF THE MARION CIRCUIT AND SUPERIOR COURTS:

You are hereby notified that the Chief Administrative Officer of the Indiana Supreme Court, pursuant to Indiana Trial Rule 53.1 or 53.2, and Administrative Rule 20, finds that withdrawal of the submission of the above matter from the judge is warranted. A review of the Chronological Case Summary (CCS) shows that on May 9, 2016, plaintiff filed "Plaintiff's Motion for Enlargement of Time to Service (sic) Summons and Complaint Upon Other Defendants". On June 9, she filed her motion to recuse the judge. On August 16, she filed her praecipe seeking withdrawal of the submission of the case because within 30 days of their filing the judge had neither ruled upon her motions nor set them for a hearing. The CCS does not reflect action on either motion.

Accordingly, submission of this case is withdrawn from Judge David J. Dreyer effective as of the time of the filing of the praecipe. This matter will be submitted to the Indiana Supreme Court for appointment of a special judge or such other action deemed appropriate by the Court.

In accordance with Indiana Trial Rule 53.1(E) you must enter this determination in the Chronological Case Summary of the case, notify, in writing, and provide a copy of this Notice to the judge and all parties of record in the proceeding.

Done at Indianapolis, Indiana, on_____9/8/2016_____.


Mary G. Willis
Chief Administrative Officer
Indiana Supreme Court

STATE OF INDIANA )    IN THE MARION SUPERIOR COURT
) SS:
COUNTY OF MARION )    CASE NO. 49D04-1601-CT-2531
)
Brenda Parker )    SUPREME COURT NO. 49S01-1704-SJ-225
     Plaintiff )
)
    v. )
)
Capital One Auto Finance, )
Capital One, National )
Association, N.A., Onyx Acceptance )
Corporation, et. al. )
    Defendants )

**FILED**
Apr 21 2017, 4:43 pm
**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

### NOTICE OF CHIEF ADMINISTRATIVE OFFICER'S DETERMINATION PURSUANT TO TRIAL RULE 53.1(E)

TO: THE CLERK OF THE MARION CIRCUIT AND SUPERIOR COURTS:

You are hereby notified that the Chief Administrative Officer of the Indiana Supreme Court, pursuant to Indiana Trial Rule 53.1 or 53.2, and Administrative Rule 20, finds that withdrawal of the submission of the above matter from the judge is not warranted. A review of the Chronological Case Summary shows that the court held a hearing on February 15, 2017, and issued an order on February 27, confirming dismissal of plaintiff's complaint. The court acted prior to plaintiff's praecipe filed on March 29, 2017. The court having ruled, nothing remains pending before the court.

Accordingly, submission of this case is not withdrawn from the judge. In accordance with Indiana Trial Rule 53.1(E) you must enter this determination in the Chronological Case Summary of the case, notify, in writing, and provide a copy of this Notice to the judge and all parties of record in the proceeding.

Done at Indianapolis, Indiana, on____4/21/2017____.

_Mary G. Willis_
Mary G. Willis
Chief Administrative Officer
Indiana Supreme Court



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| BRENDA PARKER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cv-00826-JMS-TAB |
| | ) | |
| CAPITAL ONE AUTO FINANCE, CAPITAL | ) | |
| ONE, NATIONAL ASSOCIATION N.A., et al. | ) | |
| Defendants. | ) | |

**Entry Discussing Complaint, Dismissing Insufficient Claims,**
**and Directing Further Proceedings**

**I.      Screening**

The plaintiff has paid the initial partial filing fee. The complaint is now subject to screening pursuant to 28 U.S.C. § 1915(e)(2). The complaint alleges a number of state and federal claims against various corporate entities and individuals, all arising out of the plaintiff having missed payments on a vehicle which was eventually repossessed in May of 2014. She called the police at the time the vehicle was being towed and told the officers that the creditor had "charged off" the debt when it reported the car loan to be an uncollectible debt in 2012. The officers reviewed papers that the towing company had, determined that the towing company's paperwork was more current than the plaintiff's, and allowed the towing company to repossess the car.

The plaintiff has named the following defendants: 1) Capital One Auto Finance; 2) Capital One, National Association N.A.; 3) Onyx Acceptance Corporation, 5 Star Automotive Services, LLC; 4) Dalias last name unknown; 5) All American Towing and Recovery, LLC; 6) Indianapolis Marion County Police Department (IMPD); 7) Officer Loyal; 8) Officer Pilkington; and 9) Officer Rolinson.

*P*

A number of the plaintiff's claims must be dismissed for failure to state a claim upon which relief can be granted, while other claims shall proceed, as discussed below:

The claims against the Indianapolis Marion County Police Department, Officer Loyal, Officer Pilkington, and Officer Rolinson are **dismissed** for failure to state a claim upon which relief can be granted. The plaintiff does not allege that any action was taken pursuant to a practice or custom of the City of Indianapolis. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 690-91 (1978). The individual defendants allowed the towing of the plaintiff's vehicle after they reviewed what appeared to be proper documentation to support the repossession presented by the towing company. They did not violate any constitutional or federal rights under these circumstances. Moreover, any violation of the statute that requires two hours' notice of a repossession to the Sheriff's Department, Ind. Code § 26-2-10-6, results in the commission of a Class C infraction. It does not provide a private civil cause of action. *See* Ind. Code § 26-2-10-7.

The plaintiff's claims that Capital One Auto Finance, Capital One, N.A., and Onyx Acceptance Corporation failed to adhere to IRS Publication 535, which she alleges addresses charged off debts, are **dismissed** for failure to state a claim upon which relief can be granted. An alleged violation of an IRS guideline on the part of a corporation does not give rise to a cause of action on the part of an individual taxpayer. *See Groder v. United States,* 816 F.3d 139, 142 (4th Cir. 1987) ("internal rules of agency procedure" confer "no substantive rights or privileges upon taxpayers.").

Any "civil conspiracy" claim is **dismissed** for failure to state a claim upon which relief can be granted. To allege conspiracy liability under 42 U.S.C. § 1983, a plaintiff must allege that individuals reached an agreement to deprive her of her constitutional rights and overt acts in

furtherance actually deprived her of those rights. *Beaman v. Freesmeyer,* 776 F.3d 500, 510 (7th Cir. 2015). No unconstitutional acts during the repossession of the plaintiff's car are discernible.

The breach of peace state law claims against the All American Towing and Recovery, LLC, 5 Star Automotive Services, LLC, and "Dalias" are **dismissed** for lack of jurisdiction. The Court declines to exercise supplemental jurisdiction because no federal cause of action is asserted against these defendants and the facts and evidence related to the federal claim in this action would be wholly distinct from that related to the actual repossession of the vehicle. 28 U.S.C. § 1367(c); *Bailey v. City of Chicago,* 779 F.3d 689, 696 (7th Cir. 2015).

With the exception of the Fair Debt Collection Practices Act claims discussed below, the above summary of claims includes all of the claims identified by the Court. If the plaintiff believes that additional claims were alleged in the complaint but not identified by the Court, she shall have **through July 22, 2015,** in which to identify those claims. No partial final judgment shall issue at this time as to the claims that are dismissed in this Entry.

## II.     Service of Process

Giving the complaint a liberal reading, the viable federal claims discernible in the complaint are alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, asserted against Capital One Auto Finance, Capital One, N.A., and Onyx Acceptance Corporation.

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c) to issue process to defendants Capital One Auto Finance, Capital One, N.A., and Onyx Acceptance Corporation in the manner specified by Rule 4(d). Process shall consist of the complaint filed on May 26, 2015, the attachments thereto, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: _____06/22/2015_____

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Brenda Parker, 1427 W. 86th Street, #609, Indianapolis, IN 46260

Capital One Auto Finance, 7933 Preston Road, Plano, TX 75024

Capital One, N.A., 7933 Preston Road, Plano, TX 75024

Onyx Acceptance Corporation, 7933 Preston Road, Plano, TX 75024

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.

71