UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRENDA PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-00660-TWP-MJD |
| ) | |
| JAMES J. MORRISSEY, ) | |
| ANNA-KATRINA SARANTI CHRISTAKIS, ) | |
| JOHN DOE, ) | |
| ) | |
| Defendants. ) | |

**Entry Dismissing Amended Complaint for Lack of Jurisdiction
and Directing Entry of Final Judgment**

"Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service." *Hoskins v. Poelstra*, 320 F.3d 761, 762 (7th Cir. 2003). For the reasons explained below, there is a complete absence of a plausible federal claim alleged in the amended complaint and "[t]he Supreme Court has frequently said that a suit which is frivolous does not invoke the jurisdiction of the federal courts. . . ." *Crowley Cutlery Company v. United States*, 849 F.2d 273 (7th Cir. 1988).

Ms. Brenda Parker filed this civil action against the Attorneys James J. Morrissey and Anna-Katrina Saranti Christakis and John Doe Managers and Officers. She was granted leave to proceed *in forma pauperis.*

Ms. Parker alleges that the defendants entered into a civil conspiracy in the State of Indiana and conspired to commit crimes against the Courts in the State of Indiana. She claims that thru a civil conspiracy she was willfully deprived of her Constitutional Rights and impartial treatment in a court of law. The defendant attorneys are residents of Cook County, Illinois. The unnamed defendants are employees of Capital One.

Ms. Parker explains that the violations occurred after she filed a civil action in Marion County Superior Court in Indianapolis, Indiana, on January 22, 2016. That case was assigned case number 49D10-1601-CT-002531.[1] The exhibits attached to the original complaint reflect that the state court action was filed as a result of her vehicle having been repossessed. She asserted claims for theft, fraud, conversion, breach of the peace against several defendants. Dkt. 1-2 at p. 2.

The Amended Complaint alleges (in relevant part) that in the course of that state court case:

14. Defendants perpetrated a fraud between all members of the illegal enterprise by falsifying a Vehicle Sales Contract and then filing it in a Court Action.

15. Defendants willfully and wanton of care, willingly conspired with three Judges of Marion County Superior Courts and lied to the Courts with the assistance of Judicial Officers of the Court.

16. Unnamed Defendants utilized fraudulent information and altered the information for submission into the Courts, while knowing they were commiting a crime. See (Exh. G-J).

….

---

[1] Ms. Parker had other claims resolved in this Court in case number 1:15-cv-826-JMS-TAB. She reports that two appeals are pending in the Seventh Circuit under case numbers 17-2123 and 17-3101. These claims are brought against defendants not named in this action.

17. Attached evidence supports the only creditor/debtor relationship in existence since 2007 on Parker's 2006 Ford Explorer was 1st Financial Services. See (P. Exh. G-J).

18. All Defendants falsified and misrepresented facts and legal standing of a vehicle sales contract to the Courts for Plaintiff's 2006 Ford Explorer.

….

28. Defendant Attorney Morrissey and Defendant Attorney Anna-Katrina Saranti Christakis, fabricated evidence, made false and misleading statements in a court of law that each of them knew to be false and misleading and continued with the fraud on the court from 2016 through February 27, 2017.

Ms. Parker's allegations reflect her belief that there was a conspiracy or "illegal secret agreement" to submit fraudulent documents in her state court civil action with the purpose of depriving her of her property and rights and achieving a favorable decision for the defendants' clients. Amended Complaint at dkt. 7, p. 6. She seeks money damages.

Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citing *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974); *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 359 (1959)). That is the case here. Mr. Parker may genuinely believe that there was a conspiracy between three separate state court judges and the defendant attorneys that resulted in her not prevailing on her legal claims in state court. But that belief is so implausible that it cannot be the basis of a federal claim. Her appropriate remedy was to file an appeal of the state court judge's decision that denied her motion to set aside Judge Dreyer's Order Dismissing Case

with Prejudice and Other Relief or to otherwise attack the allegedly false evidence in the state court proceedings. See dkt. 1-1 (submission of portions of state court record).

When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co.,* 523 U.S. at 94 ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'")(quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)).

Judgment dismissing this action for lack of jurisdiction shall now be entered.

**IT IS SO ORDERED.**

Date: 5/9/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BRENDA PARKER
1389 W. 86th Street
#177
Indianapolis, IN 46260